STATE of Missouri ex rel. Betty F. BREWER, Relator,

v.

Charles A. SHEEHAN, Judge, Division No. 1, Circuit Court, Twenty-Third Judicial Circuit, Respondent.

No. 39316.

Missouri Court of Appeals, St. Louis District, Division One.

May 2, 1978.

Benson Cytron, House Springs, for relator.

Edward L. Dowd, Dowd & Oates, St. Louis, for respondent.

SMITH, Judge.

Relator sought prohibition to prevent respondent from proceeding to hear and determine a partition action brought by underlying plaintiff James C. Brewer (herein-

after plaintiff). Plaintiff and relator were married. Dissolution of that marriage occurred on July 7, 1975. Plaintiff defaulted in that proceeding and only relator appeared.

Relator's testimony at the dissolution hearing was that the parties owned a business and a home, but that they had agreed to divide these assets equally. She also indicated arrangements had been made to sell the home. As a result of this testimony the trial court in the dissolution proceeding provided:

"There will be no order of marital property distribution, the Court finding the parties have made arrangements for distribution of their property."

Apparently the anticipated sale of the house did not materialize and plaintiff brought his action seeking partition of the homestead. Relator sought dismissal of the petition for partition on the basis that the trial court in the dissolution proceeding still had jurisdiction of the marital property and the court lacked jurisdiction to proceed in the partition suit.

It has been held in several cases that the trial court in a dissolution proceeding must make a disposition of marital property. Until it has done so it has not exhausted its jurisdiction and the marital property is still subject to that jurisdiction. *Pendleton v. Pendleton*, 532 S.W.2d 905 (Mo.App.1976); *L.F.H. v. R.L.H.*, 543 S.W.2d 520 (Mo.App. 1976); *Anspach v. Anspach*, 557 S.W.2d 3 (Mo.App.1977). No disposition has been made of the marital property here. It is still subject to the jurisdiction of the court in the dissolution proceeding. Until disposition of the marital property has been completed, its ownership is unknown. Rule 96.-01 and Sec. 528.030 R.S.Mo.1969 provide for partition where the land is held in joint tenancy, tenancy in common, or co-parcenary. Until, however, the court in the dissolution action has fulfilled its statutory mandate to dispose of the marital property, the land is not held in any of those categories and the court lacks jurisdiction to partition it. Whether it will be subject to partition after final disposition is made in the dissolution action is at pres-

ent unknown. But see *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977) [9, 10, 11].

Respondent's contention that the error in failing to dispose of the marital property was induced by relator may be true but that does not change the court's jurisdiction. The same is true of contentions that relator is estopped and that she may not renege on the "agreement" to which she testified. These are matters for consideration in the dissolution case when the court acts to distribute the marital property. Nor do we find that the property involved was excluded as marital property by agreement of the parties as provided in Sec. 452.330.2(4) R.S.Mo.Supp.1973. Neither the dissolution court nor the relator indicated it was not marital property. The decision in the dissolution proceeding occurred before the case law interpreting the statute as requiring the trial court to make a disposition of marital property. Neither the trial court nor the relator recognized the necessity of the court exhausting its jurisdiction over the marital property and the court did not exercise the jurisdiction required of it.

Our writ of prohibition is therefore made permanent and the trial court is directed to dismiss the partition suit, Cause No. 971-1, for lack of jurisdiction.

CLEMENS, P. J., and McMILLIAN, J., concur.