**Judy Marie TERRELL, Petitioner-Appellant,**

v.

**Harry A. TERRELL, Respondent-Respondent.**

**No. 39670.**

Missouri Court of Appeals, Eastern District, Division One.

May 15, 1979.

J. William Holliday, Kahoka, James P. Hoffman, Keokuk, Iowa, Charles E. Rendlen, Rendlen, Rendlen & Ahrens, Hannibal, for petitioner-appellant.

J. Andy Zenge, Jr., Dennis Smith, Zenge & Smith, Canton, for respondent-respondent.

SNYDER, Presiding Judge.

This is an appeal by the wife from a judgment which was entered pursuant to a motion to modify filed by the husband and which ordered the sale of residential real property. The residence in question had been marital property and was the subject of a court order in a 1975 dissolution of marriage decree which awarded the wife, as alimony in gross, a life estate in the residence with the remainder to be held one-half by the wife and one-half by the husband as tenants in common. The judgment here appealed from ordered a sale of the residence and an equal division of the net proceeds between the parties after payment of taxes, expenses and the value of her life estate to the wife.

The sole issue for determination on appeal is whether the trial court erred in ordering the sale, in a modification proceeding, of real property held, under the terms of the 1975 dissolution decree, by the wife as a life tenant with the remainder to the husband and wife as tenants in common, each with an undivided one-half interest.

The judgment is reversed.

The 1975 dissolution decree contained the following order relating to the family home:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Petitioner be, and she hereby is allowed as alimony in gross a life estate in the house in Kahoka, Missouri with the remainder to be held as tenants in common, one half in the Petitioner and one half in the Respondent. In the event that Petitioner should at any time in the future desire to sell this property and if the Court so orders, the life estate shall be terminated and the property sold and the proceeds divided equally between Petitioner and Respondent. As a further part of the alimony in gross, the Respondent is ordered to make the monthly payments on the indebtedness on said house until such time as the debt is fully paid and he is to keep the property insured in the names of the Petitioner and Respondent and to pay the taxes thereon. Neither party shall in anywise encumber or attempt to sell his or her interest in the property without the written Order of this Court.

The wife on January 21, 1977 filed a motion to modify as to the husband's visitation rights. On February 1, 1977, the husband filed a motion to modify asking for a change in child custody and sale of the residence. He argued that the sale was warranted by a change of circumstances; the wife had remarried and had moved with the children to the home of her second husband. The husband believed the residence would deteriorate because it was no longer occupied. The trial court denied both motions as to visitation and child cus-

tody but granted the husband's motion as to the residence and ordered that it be sold at a sheriff's sale.

■ Under Rule 73.01.3, this court reviews both the law and the evidence in non-jury trials. There are no evidentiary issues here. Therefore, the trial court's judgment is to be sustained unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 452.330.4, RSMo Cum.Supp.1975 reads: "The court's order as it affects distribution of marital property shall be a final order not subject to modification." No point was raised, and no opinion is expressed by this court, as to the conclusiveness for appeal purposes of the 1975 decree or the authority of the trial court, in view of this statutory provision, to retain jurisdiction over marital property after dissolution has become final.[1]

The dispute concerns the trial court's authority to order the sale of the residence at the request of the husband. A careful reading of the 1975 decree reveals that: (1) a life estate as *alimony in gross* was awarded to the wife; (2) the court retained limited jurisdiction to order the sale of the home if the wife desired to sell; and (3) the husband and wife each were awarded a one-half remainder interest in the home as tenants in common.

■ The award of the life estate to the wife as alimony in gross precludes modifica-

tion after the judgment has become final. Neither contractual support and maintenance nor alimony in gross is properly subject to judicial modification once the obligation has become final. *Laney v. Laney,* 535 S.W.2d 510, 512 (Mo.App.1976). Because no motion for a new trial was filed by either party following entry of the 1975 decree, it became final thirty days after entry of judgment. Rules 75.01 and 81.05; *State ex rel. Nilges v. Rush,* 532 S.W.2d 857, 859 (Mo.App.1975). Neither party appealed from the 1975 decree.

When the 1975 decree became a final order, the parties were bound by its language. The husband argues the trial court did not modify the decree by its order of sale but, rather, exercised the jurisdiction it retained over the sale of the home, found in the following words of the decree: "[I]f the Court so orders, the life estate shall be terminated and the property sold. . . ." However, his interpretation is based on a partial reading of the pertinent sentence of the decree. When it is read in its entirety, the language is clear and unambiguous and refutes the husband's contention. The sentence reads: "In the event that *Petitioner* [wife] should at any time in the future desire to sell this property *and* if the Court so orders, the life estate shall be terminated and the property sold and the proceeds divided equally between Petitioner and Respondent. [Emphasis added]."

The meaning of this sentence is subject to only one interpretation. The trial court sought to retain limited jurisdiction over

---

1. Section 452.330.1(3) which specifies one of the factors to be considered in dividing marital property reads:

> The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; . . . .

Section 452.330.1 in its entirety and the quoted subparagraph have been construed to permit the division of real property between the parties by awarding them shares as tenants in common only in unusual situations which are the exception rather than the rule. *Davis v. Davis,* 544 S.W.2d 259 (Mo.App.1976). In these exceptional cases the trial court should specifically state the economic circumstances

or reasons for ordering the joint tenancy. *Corder v. Corder,* 546 S.W.2d 798 (Mo.App. 1977). See also, *Smith v. Smith,* 561 S.W.2d 714 (Mo.App.1978); *In re Marriage of Heddy,* 535 S.W.2d 276 (Mo.App.1976). In *Corder* the appeals were dismissed because there was no economic justification for awarding the parties undivided interests as tenants in common and therefore no final appealable judgment. In *Davis,* the appeals court also held there was no economic reason for a tenancy in common order and reversed and remanded. In *Smith* and *Heddy* tenancies in common were approved but the trial courts' orders were specific as to the final sale and no jurisdiction was retained. In none of the cases was a life tenancy as alimony in gross awarded.

the residence to terminate the wife's life estate and order a sale only if the wife wished to sell. No mention of the husband appears. The decree is explicit on this point. For the life estate to be terminated, two requirements must be met: (1) the petitioner-wife must "desire to sell" and (2) the court must "so order." Obviously the wife did not "desire to sell."

Therefore, whether viewed as a modification or a retention of jurisdiction, the trial court erred in ordering the sale. There was no jurisdiction under the 1975 decree because the requirement that the wife agree to the sale was not met. A modification of the decree would be an erroneous application of the law. *Murphy, supra;* § 452.330.-4, RSMo Cum.Supp.1975; *Laney, supra.*

The husband further contends that the trial court "interpreted" the 1975 decree when it ordered the sale. This argument is without merit. The requirements that must be met in order to terminate appellant's life estate and order a sale of the home are explicitly set forth in the decree. If the language of the decree were ambiguous, then the husband's argument might be tenable. The language is clear, however. The husband did not appeal from the judgment entered in 1975 and cannot now obtain modification of its provisions relating to marital property or alimony in gross.

It is unnecessary to rule on the point raised by the wife in which she contends that partition of real property cannot be had between a life tenant and the holder of a one-half undivided interest in the remainder.

 The husband insisted upon the preparation of a supplemental transcript. The wife's motion to tax the cost of this transcript against the husband was taken with the case. The only issue before this court is the propriety of the trial court's order that the parties' former residence be sold at a judicial sale. The supplemental transcript contained 94 pages. Only one page of the testimony related to the real property in question and the evidence adduced on that page was not necessary to the resolution of the purely legal question presented by this appeal. All of the other evidence contained in the transcript related to custody of the children. The judgment as to custody was not appealed. Therefore, the cost of the supplemental transcript is taxed against the husband. Rule 81.12(b).

The judgment is reversed. Appeal costs, including $131.30 for preparation of the supplemental transcript, are taxed against the husband.

SMITH and CRIST, JJ., concur.

