In re the MARRIAGE OF Twyla Jean CREWSE and Bernard Crewse.

Twyla Jean Crewse, Petitioner-Respondent,

and

Bernard Crewse, Respondent-Appellant.

Nos. 11186, 11234.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 17, 1980.

Andrew K. Bennett, Cassity, Freeman & Greene, P.C., Springfield, for petitioner-respondent.

**266**

James E. Curry, John H. Tharp, Ava, for respondent-appellant.

BILLINGS, Presiding Judge.

Dissolution proceeding and husband has appealed those portions of the decree awarding custody of the children, the amount of support for the children, and the division of marital property. We conclude that the decree did not divide the marital property as required by § 452.330, RSMo 1978, and is not a final judgment.

The trial court found that the parties had marital property consisting of a farm, cattle, farm equipment, furniture, and two motor vehicles. The court also determined they had certain marital debts. The decree declared:

> "That the parties hereto shall have a one-half interest in all the property, real and personal, as tenants in common, except for the 1969 ford pickup which is to be the sole and separate property of the Respondent and except for the 1969 ford car which is to be the sole and separate property of the Petitioner.
>
> That all marital debts are to be paid equally one-half by each party."

In *Corder v. Corder*, 546 S.W.2d 798 (Mo. App.1977), the court said at 805:

> "Section 452.330, supra, provides that all property within the definition of 'marital property', whether title is held 'individually' or 'by the spouses in some form of coownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property', 'shall' be divided 'in such proportions as the court deems just after considering all relevant factors' including those specifically enumerated in subparagraphs (1), (2), (3), and (4) of paragraph 1 thereof. Section 452.330, supra, viewed in its contemporary context and with awareness of the patent inequities and aftermath of rancor and further litigation which it sought to rectify and eliminate, leaves no doubt that the legislature intended a division of 'marital property' which would effect a complete severance of all unity of possession, as well as unity of title, between the spouses, excepting only 'the unusual situation where the economics involved call for' (*Davis v. Davis*, supra 544 S.W.2d 259) a division which stops short of severing the relationship attached to the common ownership of property. In those 'unusual situation[s]' where a 'tenancy in common solution' is resorted to for dividing either real or personal property falling within the definition of 'marital property' because of the 'economics involved'—the exception rather that the rule—the trial court should specifically state its reasons for doing so in its decree so that it will be apparent to an appellate court that the review is from a judgment which comports with the requirements of Section 452.330, supra, for the division of 'marital property' and thus presents a final judgment ripe for appeal."

Here, the trial court's decree did not sever the relationship attached to the common ownership of property, with the exception of the two motor vehicles, and expressly decreed the parties to be tenants in common of all marital property. As such, the decree did not constitute a division of "marital property" as mandated by § 452.330 and is not a final judgment. Without a final judgment, we have no jurisdiction.

The appeal is dismissed.

All concur.