**Mary B. WILHOIT, Respondent,**

v.

**Wilbur B. WILHOIT, Jr., Appellant.**

**No. KCD 30502.**

Missouri Court of Appeals,
Western District.

May 5, 1980.

Alden S. Lance, Savannah, Richard E. McFadin, North Kansas City, for appellant.

Mark H. Wissehr, St. Joseph, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The appeal comes from an order to reopen a dissolution proceeding to divide the marital property as directed by § 452.330. In the prior action, the court ordered dissolution on the joint petition of the spouses, made award of custody and maintenance, but no disposition of the marital property. The wife brought her Motion to Set Aside Decree on the ground the failure to divide the marital property rendered the judgment only interlocutory and invoked jurisdiction to complete the adjudication. On evidence, the court sustained the motion of the wife and, by separate hearing, made division of the marital property and entered final judgment.

The husband appeals, not from the final adjudication of the marital property, but from the antecedent determination that the original judgment in dissolution was not final. The husband contends that the spouses presented actual evidence of a property division agreement, for which judicial sanction of conscionability must be assumed in the absence of an express determination of unconscionability.

1. The action was brought as a Joint Petition for Dissolution of Marriage by one counsel on behalf of both spouses. Their testimony was

■ A judgment in a dissolution proceeding which neglects to decide rights of the spouses to the marital property and make a just division remains interlocutory and open for final judgment as to that element of proceeding. *Pendleton v. Pendleton*, 532 S.W.2d 905, 906[1–3] (Mo.App.1976); *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168, 170[1] (Mo.App.1978). We determine the original decree failed to adjudicate the property rights between the spouses, either by judicial division [§ 452.330] or by a separation agreement found nonunconscionable [§ 452.325] and so remained amenable to a completed judgment.

The contention of the husband of a separation agreement between the spouses, proven and implicitly approbated, rests on brief testimony given on the original petition for dissolution:

[Testimony by the wife]

Q. In your petition,[1] you talk about a property or separation agreement. You and Mr. Wilhoit didn't actually enter into a separation agreement, did you?

A. No, sir.

Q. You have divided your property by deed, though, have you not?

A. We have.

   .    .    .    .    .

Q. [The Court] You said you have divided up your property?

A. Yes.

   .    .    .    .    .

Q. Isn't it true the property being divided is a small farm, 37 acres with a dwelling house on it?

A. Yes.

Q. And Mr. Wilhoit is retaining that under your property division?

A. Yes.

Q. Subject to a mortgage that you are going to have on it, and also a mortgage that another loan company has?

A. Yes.

presented by counsel without cross-examination.

[Testimony by the husband]

Q. You are in agreement that the property has been divided satisfactorily?

A. Yes.

The judgment entered on the evidence makes no reference to a "separation agreement," or of a judicial sanction given or withheld or to a division of marital property. Other than to adjudge a weekly maintenance to the wife, that the husband assume indebtedness jointly incurred during the marriage, and an assessment to clothe the children, the judgment was indifferent to the property of the marriage.

█ The provision of § 452.325 for a property disposition by separation agreement of the spouses preempts a judicial division of the marital property under § 452.330, but only when the contract is by free assent [2] and treats with the full property [3] and then gains the respect of the court for enforcement in the decree of dissolution after consideration of the total economic circumstances of the contractor spouses.[4] It is only a *written* separation agreement for the disposition of the spousal property that a court may entertain for determination of nonunconscionability and enforcement as a judgment. § 452.325.5; *Turpin v. Turpin*, 570 S.W.2d 831, 834[2, 3] (Mo. App.1978).

The husband concedes that the disposition of the property between the spouses was by oral agreement, but contends nevertheless that neither the want of a writing nor of a judicial declaration of nonunconscionability aborts judgment. The written form of agreement, he says, was permissive at the time and so remains valid now, and the fact of nonunconscionability, although not declared, must be assumed as settled by the judgment under Rule 73.01.

The terms of § 452.325 that spouses, attendant to separation or dissolution, "may enter into a written separation agreement" was given effect [in *Turpin v. Turpin*, su-

pra, l.c. 835] to impose the condition of written agreement to the operation of that section. The provision means, simply, that spouses may settle their property rights between them by agreement rather than by the method of judicial division under § 452.-330—but if they do, the expression of that assent must be written. The rationale is to avoid dispute and manifests once again a transcendent purpose of the Dissolution of Marriage Act to avoid litigation beyond the dissolution proceeding, itself. *Turpin v. Turpin*, supra, l.c. 834[2, 3]; *Corder v. Corder*, 546 S.W.2d 798, 804[4] (Mo.App.1977). It is fanciful to say, as does the husband, that at the time of the original proceeding the spouses understood the statute to tolerate *oral agreement* of property rights and that the peremptory sense of the enactment for a *written agreement* was not known before the decision in *Turpin* and so the judgment entered was a valid adjudication. The statute was in effect at the time of the original proceeding and governed the exercise of right encompassed by its terms. A statute does not require judicial precedent for efficacy. Nor does *Turpin* purport to remove a cloud to make clear sense of the statute, but observes rather [l.c. 835]: "The terms of the statute are plain and unambiguous that the separation agreement must be in writing and there is no room or need for judicial interpretation here." The requirement for written agreement was operative before *Turpin* as since.

█ The deficiency of the original judgment as a final determination of the marital property, either by agreement under § 452.325 or by judicial division under § 452.330, goes far beyond the lack of a writing. The judgment failed that purpose under § 452.325 because the full marital property was not before the court, nor was consideration given to the full circumstances of the spouses, nor was the agreement of disposition given sanction by the court as nonunconscionable—all prerequisite to

---

**2.** *LaFountain v. LaFountain*, 523 S.W.2d 847, 848[1, 2] (Mo.App.1975).

**3.** *In re Marriage of Bequette*, 563 S.W.2d 528, 530[1] (Mo.App.1978).

**4.** *Wilkerson v. Wilkerson*, 555 S.W.2d 689, 691[4] (Mo.App.1977); *Block v. Block*, 593 S.W.2d 584, 590[10] (Mo.App.1980).

judgment under that statute; *In re Marriage of Bequette*, supra, l.c. 530[1]; *LaFountain v. LaFountain*, supra, l.c. 848[1, 2]. The judgment failed as a judicial division of the marital property under § 452.330 simply because the decree does not catalogue the property allocated to each by description and value. *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 274[6] (Mo.App.1979); *Hopkins v. Hopkins*, 597 S.W.2d 702 (Mo.App. 1980).

The contention of the husband that the full marital property was before the court so that the judgment entered on the oral agreement was fully informed distorts the proof. There was evidence as to the complete property ownership and transactions between the husband and wife, but only on the second hearing after the first adjudication was reopened to complete the proof for final judgment of judicial property division under § 452.330. It was that very lack of proof which aborted possibility of judgment in the first proceeding.

The husband contends that want of written agreement or other formal requisites for judgment under § 452.325 notwithstanding, the entry of decree imports that the necessities of statute were met. The husband asserts the principle that a trial court has no duty to enter formal findings of fact absent request and cites the cognate text of Rule 73.01 that: "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Thus, concludes the husband, the adjudication on the first proceeding does not fail as a judgment for want of determination that the separation agreement was not unconscionable because that issue was presumptively found conformable to decision.

■ That theme, which percurs the spate of dissolution of marriage decisions,[5] confuses the fact-determination function of a court with the essentials of judgment—specifically a judgment for the disposition of the marital property by agreement or by

judicial division rendered and enforceable under § 452.325 and § 452.330. A finding of fact precedes judgment, and constitutes an opinion for the ground of judgment [Rule 73.01], but is not a final determination of the rights of the litigants in the subject matter of the action. *State ex rel. St. Louis, K. & N.W. Ry. Co. v. Klein*, 140 Mo. 502, 41 S.W. 895, 897 (1897). Only a judgment is that. Rule 74.01. A finding of fact does not even affect the validity of judgment [*Cochran v. DeShazo*, 538 S.W.2d 598, 600[5] (Mo.App.1976)] so that, if erroneously found, does not prevail against the judgment. *Oliver v. Fisher*, 430 S.W.2d 611, 613[2] (Mo.App.1968); 1 Freeman on Judgments, § 3 (5th ed. 1925). The efficacy of judgment, therefore, does not reside in any prefatory statement of reason or recital but in the mandate of the decree. *Warren v. Drake*, 570 S.W.2d 803, 807[3] (Mo.App. 1978).

■ The court on the disposition of the marital property by an agreement of the spouses under § 452.325 has no duty to *find* the contract nonunconscionable *as a matter of fact* but has the clear duty to *pronounce* the terms nonunconscionable *as a matter of judgment*. The terms of separation agreement simply do not bind a court unless "the *decree* . . . state that the court has found the . . . terms not unconscionable." § 452.325.4(2) [Emphasis added.] The statute describes, not a technical *impedimentum* of decision, but an essential of final judgment.

■ The first proceeding was incomplete as a judgment by judicial division of the marital property under § 452.330 for a parity of reasons. As already noted, the full property of the marriage was not before the court and the litigants took no initiative to describe and value the property—indispensible to a conclusive proceeding under § 452.330. *Ravenscroft v. Ravenscroft*, supra, l.c. 274[6]. More conclusively, the proceeding did not culminate in a decree which

5. Among them: *In re Marriage of Badalamenti*, 566 S.W.2d 229, 235[2] (Mo.App.1978); *In re Marriage of Prenavo*, 556 S.W.2d 463, 465[2] (Mo.App.1977). *Smith v. Smith*, 552 S.W.2d 321, 322[1] (Mo.App.1977); *Butcher v. Butcher*, 544 S.W.2d 249, 252[2] (Mo.App.1977); *Stark v. Stark*, 539 S.W.2d 779, 781[1] (Mo.App. 1976).

divided the marital property by description and value, essential to a final judgment under § 452.330. *Hopkins v. Hopkins*, supra. That requirement is merely corollary to the rationale of § 452.330 to derive a judgment which operates directly upon the property[6] and is enforceable according to the terms of decree. A proceeding which falls short simply does not culminate in a final judgment under § 452.330.

The request by the husband that we assume a nonunconscionable separation agreement or allocation of the marital property as facts found conformable to judgment, therefore, misunderstands that §§ 452.325 and 452.330 require those elements decreed as determinants of a final judgment. The request, in effect, asks that we formulate a judgment rather than review one. *Hopkins v. Hopkins*, supra.

The husband contends that the division of the marital property at the subsequent proceeding failed also as a final judgment under § 452.330 because [among others] the factors of that statute for just division were not proven, and because there the device failed to separate the marital from the nonmarital property, and otherwise left the spouses in possession and ownership of marital acreage as tenants in common.

The original joint petition for dissolution was brought by the spouses in January, 1974, after twenty-three years of marriage. The decree of dissolution was entered in that proceeding in March, 1974. The proceeding to reopen proceedings was brought by the wife in March, 1977, and was granted in December, 1977. As adjunct to decree the court enjoined the husband from alienation of any of the marital property while final determination under § 452.330 pended. The court deferred final adjudication to allow the spouses opportunity to inventory and appraise the property in dispute. This thoughtful manner of judicial conduct was evident throughout the proceedings. The order of property division from which the present appeal comes was entered in September, 1978. The court gave meticulous concern to the evidence, often murky after the lapse of years, to derive a catalogue of the marital property, identified as to kind and value. The personal property, other than the effects each spouse still held, was accepted by the court according to the inventory and appraisal submitted by the wife by Exhibits A and B. The real property of the marriage consisted of seven town lots and some contiguous 3.8 acres titled in the husband alone. On the acreage rested the residence of the husband and on the lots a shack for his maintenance occupation.[7]

The decree divided the personal property of the marriage according to the descriptions and values given them by the Exhibits A and B and incorporated those inventories and appraisals into the terms of the judgment. The seven town lots and the contiguous 3.8 acres were decreed in the husband and wife as tenants in common. The other incidents of the judgment are not significant on the appeal.

We do not pass on the validity of a judgment under § 452.330 which divides the property by reference only and not by the terms of decree. In this case, the Exhibits A and B which the decree supposes to incorporate do not appear in the record and are certainly of no effect to complete the judgment. The judgment remains undetermined as a division of the marital property. *L.F.H. v. R.L.H.*, 543 S.W.2d 520, 521[1, 2] (Mo.App.1976). We do say, however, that a

---

**6.** That same rationale is evident under § 452.-325 by a disposition of marital property by an agreement found nonunconscionable: unless the separation agreement provides otherwise [§ 452.325.4(1)] the terms are set forth in the decree and [§ 452.325.5] "are enforceable by all remedies available for the enforcement of a judgment."

**7.** In reliance on the March, 1974, abortive judgment of property settlement agreement, the husband paid to the wife $16,000 in exchange for a quitclaim deed to the then 37.5 acres. The husband sold off some 34 acres of the total tract to finance the liquidation of the obligation. At the time of the subsequent proceedings in September, 1978, what remained was the small acreage and the contiguous lots. [The decree of September, 1978, erroneously recites that 30 acres, rather than 34 acres, were alienated by the husband since the original March, 1974, adjudication].

decree of marital property division under § 452.330, no less than a separation agreement formulated into judgment under § 452.325.5, is meant for enforcement according to the terms of judgment. A usual decree under § 452.330 may order the sale of property, the conveyance of property, the exchange of property, or other such dispositions—either between the spouses or with a third person. *Claunch v. Claunch*, 525 S.W.2d 788, 791 (Mo.App.1975); *Corder v. Corder*, supra, l.c. 805[12, 13]. Thus, the distribution of the marital property under § 452.330.4 *by a final order not subject to modification* means that the specific property upon which the judgment operates shall be discerned from a decree in such form that execution remains only a ministerial act—without need for external proofs or yet another hearing. *Brolinson v. Brolinson*, 564 S.W.2d 911, 913[3, 4] (Mo.App. 1978).

■ The proceeding must be remanded for another reason: the order of distribution left the marital real estate in the possession and ownership of the recent spouses as tenants in common without a stated reason. The policy of the Dissolution of Marriage Act to avoid the rancor of continued litigation between the recent spouses enjoins such a practice. *Corder v. Corder*, supra; *Hopkins v. Hopkins*, supra. In those unusual economic circumstances when such a continued common ownership cannot be avoided, the court must disclose the purpose of judgment by a reason for the action. *Corder v. Corder*, supra, l.c. 805. The adjudication appears particularly anomalous because the premises given to the joint ownership is occupied by the husband both for residence and vocation. There was otherwise, abundant evidence of the value of that asset and no impediment to a complete severance of ownership appears. The husband has since the abortive 1974 proceeding—no doubt in reliance on the efficacy of that adjudication as a final judgment of his sole ownership in the property—built a storage structure on the premises at a cost of $1,000. A reasonable consequence of a tenancy in common ownership will be to discourage further expenditures to maintain the property to the detriment of the value of the asset, to say nothing of the discomfiture to the resident husband.

The judgment of the court is affirmed in part and reversed in part and remanded for adjudication of a final judgment under § 452.330.

All concur.