Betty Marie MURRAY, Respondent,

v.

Bruce Wayne MURRAY, Appellant.

No. 42366.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1981.

Prudence L. Fink, Union, for appellant.

Isidore Lamke, Gordon Rolla Upchurch, Union, for respondent.

REINHARD, Judge.

Husband appeals from the trial court's decree dissolving his eleven-year marriage. The court awarded primary custody of the one child to the wife and temporary custody to the husband "when he is not intoxicated and not at his residence while he is living with an adult woman who is not his wife or relative ...." Husband was to pay wife $40 per week child support and $45 per week maintenance. The court further ordered the husband to pay $750 of the wife's attorney's fees, and awarded the principal

marital asset, the marital residence, three-fifths to the wife and two-fifths to the husband as tenants in common.

On appeal, husband challenges the award of the marital residence to the parties as tenants in common; the award of an amount of maintenance granted to the wife; the award of attorney's fees to the wife; and the limitation upon the husband's temporary custody of the daughter.

In his point relating to the marital home, husband maintains, in part, that the trial court did not properly divide the marital property because "the court left the parties as tenants in common of the marital home, and thus it has prolonged their dispute." Husband argues that the court had a statutory obligation to value and divide the marital property.

Husband's complaint goes to the following part of the court's order:

> The court further ORDERS, ADJUDGES and DECREES that the following described real estate is to be divided Three-Fifths (⅗) to the Petitioner, Betty Marie Murray and Two-Fifths (⅖) to respondent, Bruce Wayne Murray as Tenants in common, and the parties are further prohibited from partitioning said property for six (6) months from the date of this Decree, said property being described as follows, . . .

■ For support of his position, husband cites §452.330, RSMo 1978, and the case of *Davis v. Davis*, 544 S.W.2d 259 (Mo.App. 1976). Section 452.330 provides in part: "[T]he court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors . . . ." We have examined the statute and find no prohibition against an allocation that leaves the parties as tenants in common.

We have also examined our own cases and find no Eastern District case wherein a direct challenge to an allocation leaving marital property to the parties as tenants in common has been made.[1] In *Davis v. Davis*, 544 S.W.2d 259 (Mo.App.1976), the Western District stated:

> [A] division which leaves the parties tenants in common of personal property *susceptible to division in kind* should be avoided in the interest of preventing the unnecessary extension of disputes and ill feeling. Although resort to such device with respect to real estate property should not be absolutely precluded, again a tenancy in common solution should be reserved for the unusual situation where the economics involved call for such solution.

*Id.* at 264 (emphasis added).

*Davis* strongly suggests that the court should not leave property as tenants in common if it is susceptible to division in kind. For example, one car to the husband, one car to the wife, not two cars as tenants in common to both husband and wife; two houses, one to the husband, one to the wife, not two houses as tenants in common to both husband and wife. Here, the court was confronted with a house, the only major marital asset. It was not susceptible to a division in kind. We find nothing in *Davis* which would mandate granting husband his requested relief.

Husband failed to cite other cases written by the Western District subsequent to *Davis*. The principal case among that group is *Corder v. Corder*, 546 S.W.2d 798 (Mo.App. 1977).[2] *Corder* involved a situation somewhat similar to the one involved in this case. The marital home and all the furnishings were left to the husband and wife with each owning an undivided one-half interest as tenants in common. In *Corder*, the trial judge stated: "I'm going to dissolve the marriage, leave them right where the real estate law put them which is the way it

---

1. The Eastern District case of *Terrell v. Terrell*, 582 S.W.2d 720 (Mo.App.1979) does not directly confront this issue; however, in a footnote, it discusses *Davis* and subsequent cases. *Id.* at 722 n. 1.

2. We note that the Southern District of the Missouri Court of Appeals recently handed down *In re Marriage of Crewse*, 593 S.W.2d 265 (Mo.App.1980) which relied on *Corder* and *Davis*.

should be." On appeal, the court determined that the property had not been divided and therefore there was no final judgment. The appeal was dismissed. The *Corder* court, citing *Davis*, expressed reservations about the allocation of property, real or personal, as tenants in common (apparently even if not subject to a division in kind). However, the court recognized that an allocation of property as tenants in common did not per se constitute a failure to divide the property. The court concluded:

> In those 'unusual situation[s]' where a 'tenancy in common solution' is resorted to for dividing either real or personal property falling within the definition of 'marital property' because of the 'economics involved'—the exception rather than the rule—the trial court should specifically state its reasons for doing so in its decree so that it will be apparent to the appellate court that the review is from a judgment which comports with the requirements of Section 452.330, supra, for the division of 'marital property' and thus presents a final judgment ripe for appeal.

*Id.* at 805.

Therefore, having found that the court's order allocating the marital residence three-fifths to the wife and two-fifths to the husband as tenants in common was not prohibited by the statute and that *Davis* and *Corder* do not absolutely prevent an allocation in that manner, we must decide: Did the court err in its allocation of the marital home? We think not.

■ The failure of a court to state reasons why it left the property as tenants in common is not fatal. If the record supports the court's action, the failure to state the reasons should not prohibit an effective review.

■ A review of the record here shows that the marital home, located in Robertsville, Missouri, was the only substantial marital asset. (Although the parties presented scant evidence as to the value of the home, the court nevertheless valued the asset at: $48,000 less an encumbrance of $26,652.) The record further reveals that at the time of trial neither party had sufficient money to immediately purchase the other party's interest in the property. Although there was no specific evidence of high interest rates and a depressed real estate market at the time of trial, these were matters of such common knowledge that the court could and should have considered them in making its decision. Furthermore, common sense and experience tell us that on short notice real estate is not as readily saleable as personal property.

The court did not have before it two separate tracts of real estate which could be susceptible to a division in kind. The court made an independent determination as to the interest of the parties. The record supports the court's allocation as tenants in common.

■ Husband's complaint that the court should have ordered an immediate sale to avoid future disagreements, is also not persuasive. Inherent in that complaint is the misconception that an order of immediate sale prevents subsequent hassles. Even when ordered by the court, agreements as to the price, future financing, and other matters attendant to execution of deeds are fraught with difficulties and aggravations. Further, such an order does not produce a buyer.

We believe that the court's order here was reasonable. The court had the right to determine as it did that the parties should have a period of time within which to attempt to dispose of the property between themselves or to third parties. After that time, partition became a possible method of sale, but not the sole method.[3]

We find no error in the court's determination as to the real estate.

■ We have also reviewed the record as to the other contentions of error by the

---

**3.** We note that the husband complains that partition would add additional expense to the parties. A sale of property in any manner carries with it expenses, even a court-ordered sale by a real estate agent.

husband and conclude that the court's orders are supported by substantial evidence and are not against the weight of the evidence. Neither do they erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Judgment affirmed.

CRIST, P. J., concurs.

SNYDER, J., dissents in separate dissenting opinion.

SNYDER, Judge, dissenting.

I respectfully dissent from that portion of the majority opinion which affirms the trial court's award of the marital residence to the parties as tenants in common.

The trial court's marriage dissolution decree should completely sever all unity of title in, and possession of, the parties' property except in the unusual situation in which the economics involved call for some sort of common ownership. *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 80[12] (Mo.App.1980); *Hopkins v. Hopkins*, 597 S.W.2d 702, 706 (Mo.App.1980); *In re Marriage of Crewse*, 593 S.W.2d 265, 266 (Mo.App.1980); *Terrell v. Terrell*, 582 S.W.2d 720, 722 n. 1 (Mo.App. 1979); *Corder v. Corder*, 546 S.W.2d 798, 805[10, 11] (Mo.App.1977); *Davis v. Davis*, 544 S.W.2d 259, 264–265[7–9] (Mo.App. 1976). If the trial court does award property to the parties as tenants in common, the court should state specifically the reasons for resorting to the unusual award. *Wilhoit v. Wilhoit, supra; Hopkins v. Hopkins, supra; In re Marriage of Crewse, supra; Terrell v. Terrell, supra; Corder v. Corder, supra.*

I believe the cited cases control and that there is good reason for ruling that, absent unusual circumstances, a marriage dissolution decree should sever all unity of title and possession of the parties' real property.

The majority opinion attempts to distinguish *Davis v. Davis, supra* by interpreting the language in *Davis* as suggesting real property should not be awarded to the parties as tenants in common if it is susceptible to division in kind. Admittedly, the real property in the case under review is not susceptible to division in kind. Actually, however, *Davis* says: "[A] division which leaves the parties as tenants in common of personal property susceptible to division in kind should be avoided . . . ." *Davis, supra* at 264[7]. There is a question whether the first sentence of the quoted paragraph is meant to apply to real property. The *Davis* trial court goes on to say that, "Although the resort to such device with respect to real estate probably should not be absolutely precluded, again a tenancy in common solution should be reserved for the unusual situation where the economics involved call for such solution." *Davis, supra* at 264[7].

The trial court here has given no reason for its award of the marital home to the parties as tenants in common. The wife has suggested that the trial court provided for tenancy in common and a six month prohibition against partition because interest rates were high and the housing market depressed at the time of the dissolution decree; that the trial court was attempting to postpone the sale of the real property to produce a more advantageous sale price. But this reason appears only in the wife's brief, not in the trial court's judgment. Further, dissolution decrees should not be based on speculation concerning the future state of the real estate or money markets.

The trial court gave no reason, as required by law, for its unusual award of the marital residence to the parties as tenants in common. *Wilhoit v. Wilhoit, supra; Hopkins v. Hopkins, supra; In re Marriage of Crewse, supra; Terrell v. Terrell, supra; Corder v. Corder, supra.*

I concur in the majority opinion except for its affirmance of that part of the decree which awards the real property to the parties as tenants in common. As to the real property award, I respectfully dissent.