Jack D. RAY, and Carole K. Ray, his wife, Plaintiffs-Respondents,

v.

Ruby L. RAY, Defendant-Appellant.

No. 43076.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1982.

Jay A. Summerville, St. Louis, for defendant-appellant.

William R. Hirsch, Clayton, for plaintiffs-respondents.

STEWART, Presiding Judge.

Plaintiff Jack D. Ray and his present wife, Carole K. Ray, brought an action against Jack D. Ray's former wife, Ruby Ray (defendant), to partition real property. Defendant counterclaimed seeking equitable relief and money damages for breach of

contract. The trial court dismissed the plaintiffs' petition and defendant's counterclaim. Defendant has appealed from the judgment.

We reverse and remand.

The marriage of Jack and Ruby Ray was dissolved in May of 1974 by the Circuit Court of St. Charles County. The parties had entered into a separation agreement that disposed of all of the marital property of the parties. The agreement provided that its terms were contractual and that the agreement was not to be made a part of the decree of dissolution.

Crucial to the termination of this case is the provision of the agreement with respect to the family house of Jack and Ruby Ray which provides that the home at 10609 Lochness Court, St. Louis County, "will remain in the names" of Jack and Ruby Ray until the two minor children of the marriage have both become twenty one years of age, emancipated, move from the home or Ruby Ray remarries whichever event occurs first. The agreement further provided that Ruby Ray would have the exclusive right to occupy the house and that Jack Ray would continue to make the house payments. Upon the happening of one of the enumerated contingencies the house was to be sold and the proceeds divided equally between the parties.

■ The effect of the agreement was to create a tenancy in common which was not to be changed until one of the contingencies enumerated had occurred. It is an agreement not to partition for a limited time. *Mack v. Mack*, 286 S.W.2d 385 (Mo.App. 1956).

Jack Ray married Carole in 1975. He continued to make the payments on the house that were required by the agreement until July of 1977. In August of 1977 he wrote to Ruby telling her that he would no longer make the payments and that she could agree to sell the house and divide the proceeds "or go to court." Thereafter Ruby

made the payments to avoid foreclosure under the note and deed of trust.

In October of 1977, Jack Ray conveyed his interest in the subject property to a straw party who conveyed that interest to Jack D. Ray and Carole Ray as tenants by the entireties. Carole Ray was aware of the terms of the separation agreement at the time of these conveyances. Thereafter Jack D. Ray and Carole Ray filed the present action against defendant. At the time the suit was filed, none of the contingencies respecting final disposition of the property had occurred. Ruby had not remarried and the youngest child, age 14, was living in the home.

Upon completion of this court tried case, the court entered its judgment in which it stated:

> "The Court, after hearing the evidence, denies petitioners' request for partition of the real estate. On defendant's counterclaim, the Court also finds it lack (sic) jurisdiction to grant partition under *State ex rel. Brewer v. Sheehan*, 565 S.W.2d 850 [Mo.App.] for the same reason. Defendant's request for specific performance is also denied."

As we read this judgment it is apparent that the trial court was of the opinion that it did not have jurisdiction of the action to partition the real estate because of our ruling in *Brewer v. Sheehan, supra,* and as a consequence it did not have jurisdiction of the defendant's counterclaim.

In *Brewer v. Sheehan, supra,* this court held that the trial court had no jurisdiction to partition property of former spouses where the court in the action for dissolution had not disposed of marital property in accordance with § 452.330 RSMo Supp.1973 and where marital property was not excluded by agreement of the parties in accordance with § 452.330, subd. 2(4).[1]

In the case at bar the parties to the dissolution action entered into an agree-

---

**1.** "2. For the purposes of sections 452.300 to 452.415 only, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

\*   \*   \*   \*   \*   \*

(4) Property excluded by valid agreement of the parties."

ment with respect to their property and provided that its terms not be included in the decree as authorized by § 452.325. The court did not find it unconscionable and thus the agreement excluded the property from the jurisdiction of the trial court in that action. Section 452.330, subd. 2(4) RSMo Supp.1975.

■ The parties made effective disposition of their marital property. The jurisdiction of the Circuit Court of St. Charles had been exhausted. Actions for partition of real property must be brought in the county in which the property is located. The action for partition was properly brought in the Circuit Court of St. Louis County.

■ The provisions in the agreement obligating Jack Ray to make payments on the house note are contractual and may be enforced in any court having venue. The parties were before the Circuit Court of St. Louis County in the partition action and the counterclaim was permissible under Rule 55.32.

The trial court had jurisdiction of plaintiffs' cause of action and of defendant's counterclaim.

We do not feel that we are in a position to make final disposition of this case. We reverse and remand for further proceedings in accordance with this opinion. We feel that the trial court is in a better position to fashion a decree respecting the real property so as to do complete justice. The trial court may also take further evidence as to the damages suffered by defendant as a result of Jack D. Ray's failure to make payments under the agreement so that the judgment will be current.

STEPHAN and CRANDALL, JJ., concur.