In re The MARRIAGE OF Mary Jane LIVINGSTON (Blankinchip) and Charles Howard Livingston.

Mary Jane LIVINGSTON (Blankinchip), Appellant,

v.

Charles Howard LIVINGSTON, Respondent.

No. 12287.

Missouri Court of Appeals, Southern District, Division One.

July 2, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied July 15, 1982.

Application to Transfer Denied Sept. 13, 1982.

---

Abe R. Paul, Paul & Paul, Pineville, for appellant.

James E. Brown, Pineville, for respondent.

GREENE, Presiding Judge.

Mary Jane Livingston Blankinchip appeals from a judgment of the trial court denying her motion to set aside portions of a dissolution decree previously entered and dividing certain marital property that had not been disposed of in the dissolution decree.

Mary Jane claims that the trial court's ruling in denying her motion to set aside was against the weight of the evidence. She further claims that the trial court lacked jurisdiction to make any orders concerning the disposition of any marital property, as the authority to make such orders rested solely with the dissolution court. Mary Jane contended, at the hearing on her motion, that her former husband, Charles Livingston, obtained her agreement to a property settlement entered into by the parties and approved by the trial court on August 29, 1979, through fraud, misrepresentation, and undue influence. This contention was denied by Charles.

■ Mary Jane and Charles were the only persons who testified on the fraud and undue influence issue. As is so often the case, her evidence was to the effect that there was fraud and undue influence. His evidence was to the effect that there was not. In such cases, the trial court is in a much better position than we are to judge the credibility of the witnesses and make value judgments on whom to believe. Bearing this in mind, there was substantial evidence from which the trial court could find that the dissolution and the property settlement agreement were not procured by fraud, misrepresentation, or undue influence, and such finding was not against the greater weight of the evidence.

■ Mary Jane also contends that the "motion court" did not have jurisdiction to dispose of marital property not mentioned in the property settlement agreement, and not disposed of in the dissolution proceeding. The "motion court" and the "dissolution court" are, for practical purposes, the same court. The trial judge hearing the motion to set aside the dissolution decree and property settlement agreement was operating as a court of original jurisdiction, *Murray v. Murray*, 538 S.W.2d 587, 588 (Mo. App.1976), and, as such, appropriately used the motion to set aside as the proper vehicle to assert its jurisdiction over marital prop-

erty not previously divided. *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 76–77 (Mo.App.1980).

Since there is no merit in either of Mary Jane's claims on appeal, the judgment of the trial court denying her motion to set aside the dissolution decree and disposing of marital property not accounted for at the time of the dissolution hearing is affirmed.

All concur.