Benjamin A. **BUCHANAN** and Brenda F. Buchanan, Appellants,

v.

Marilyn K. **GRAF**, et al., Respondents.

No. 45947.

Missouri Court of Appeals, Eastern District, Division One.

May 15, 1984.

**380**

Gerald J. Bamberger, St. Charles, for appellants.

Leland Smith, II, St. Charles, for Marilyn Graf.

Allen J. Bloom, Clayton, for Sears Roebuck.

STEPHAN, Judge.

Creditor of former husband, David Graf, seeks to quiet title and partition marital residence of David Graf and defendant Marilyn K. Graf. The essential parties were the creditor who purchased the former husband's interest in the real estate at a sheriff's execution sale and the debtor husband's former wife. Additional parties defendant were the holder of a purchase money note and deed of trust and subsequent judgment creditors of David Graf. The former husband is not a party. In this court tried case the trial court dismissed

the petition for lack of subject matter jurisdiction. Plaintiff creditor appeals the dismissal claiming error only as to questions of law.

The stipulated facts are these. In 1977 David and Marilyn Graf purchased a house in St. Charles County, Missouri and gave a purchase money note and deed of trust to defendant Gershman Investment Company. The deeds were recorded. On January 30, 1981, the Graf's marriage was dissolved in St. Charles County. The dissolution court found as a fact that the real estate had a value of $55,000 and was subject to a balance on the note and deed of trust of $24,000. The court entered the following order as part of the decree of dissolution:

> The court orders that the petitioner [wife] shall be allowed to remain in the marital residence located at #24 Westwinds, St. Peters, Missouri, until such time as the youngest child, Dawn Graf, attains the age of eighteen (18) years; and, at such time as said child attains the age of eighteen (18) years the marital residence shall be sold and the proceeds divided one-half each to petitioner and respondent after costs of sale and mortgage indebtedness has been paid. Until such time as the sale of the marital residence occurs, the court orders that the petitioner be liable for the mortgage payment of One Hundred Ninety-Three Dollars ($193.00) per month and any utilities incurred during her residency in the marital home, and, both parties shall share equally in all taxes and insurance, one-half each. Petitioner shall not be accountable to respondent for rent nor waste committed on the property unless intentional.

Dawn Graf was eight years of age at the time of the dissolution. She was born April 11, 1973.

Plaintiff Buchanan obtained a St. Charles County judgment of $7,419.29 against David Graf on May 14, 1980. Buchanan purchased David Graf's interest in the subject real estate at a sheriff's execution sale on June 19, 1981. A sheriff's deed dated June 29, 1981 was recorded on July 7, 1981.

Defendant Marilyn Graf continues to exercise her right to reside in the home and has paid the note payments, taxes and insurance.

By the partition Buchanan alleges that David and Marilyn Graf were awarded undivided one-half interests as tenants in common by the decree of dissolution and that he acquired David Graf's interest under the sheriff's execution deed. Defendant Marilyn Graf, by answer, admits "... that an undivided one-half interest in common was all that Marilyn Graf was awarded." In Count I the court was asked to determine that David Graf has no interest in the real estate and to determine the interest of plaintiff Buchanan, defendants Marilyn K. Graf, the holder of the recorded deed of trust and subsequent judgment creditors of David Graf. Count II requests an order of partition in accordance with the respective rights of the parties as determined by the court in Count I.

The trial court concluded that as a matter of law the jurisdiction to determine ownership in the Graf's marital residence remained in the *Graf v. Graf* dissolution proceeding. It relied on *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977); *In re Marriage of Buthod*, 624 S.W.2d 119 (Mo.App. 1981); and *State of Missouri ex rel. Brewer v. Sheehan*, 565 S.W.2d 850 (Mo.App. 1978).

In this court tried case with stipulated facts the only question before this court is whether the trial court drew the proper legal conclusion. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979). No deference is due the trial court's judgment where resolution of the controversy is a question of law. *MFA Mutual Insurance Company v. Home Mutual Insurance Company*, 629 S.W.2d 447, 450 (Mo. App.1981).

We first observe that the dissolution decree in Graf entered an order affecting the marital home. Our decision in *State of Missouri ex rel. Brewer v. Sheehan*, 565 S.W.2d 850 (Mo.App.1978) is therefore inapposite. We there found that the dissolu-

tion court declined to enter any order disposing of the marital residence and held that the wife was entitled to prohibition against her former husband's attempt to partition in a separate proceeding. In *Graf v. Graf* there was a decree provision dividing the marital home. It awarded a one-half interest to each party, subject to the wife's exclusive use until the youngest child reached age eighteen and ordered the parties to protect their one-half interests by making designated payments. This form of disposition was approved by this court in *Murray v. Murray*, 614 S.W.2d 554, 556 (Mo.App.1981) wherein the suggested distribution decree form appearing in *Corder v. Corder*, 546 S.W.2d 798, 805 (Mo.App. 1977) was held not to be a mandatory prerequisite in the distribution of marital property real estate. The concern in *Corder* to avoid possible future discord is not and cannot be involved in the present case. The Grafs had no dispute with the real estate division provisions of their decree of dissolution and Mr. Graf no longer has an interest in the real estate by reason of the execution sale. Mr. Graf is not a party and the Grafs raise no objection to the manner in which the decree divided their marital home.

We adopt the decision in *Murray* which directly approved the Graf form of division. *Murray* at 656. We note in passing that the delayed sale provisions in *Murray* were encumbered by a provision not found in the Graf decree, a judicial prohibition against partition for a designated period.

■ We agree with the pleadings in this case that the result of the decree was to create an undivided one-half tenant in common interest in David Graf and a like interest in Marilyn K. Graf. *Mack v. Mack*, 286 S.W.2d 385, 388 (Mo.App.1956). The Graf decree did not award the residence to Marilyn K. Graf subject to a 50% participation in subsequent sale proceeds. An order in this form would grant David Graf a lien but not an interest as a tenant in common. Accordingly an execution upon David Graf's interest was proper. See *Klinge v. Klinge*, 639 S.W.2d 846, 847 (Mo.App.1982).

■ We find, however, that the further provisions of the decree added to the wife's common law rights and duties as a tenant in common. In addition to an undivided one-half interest as a tenant in common she has the exclusive right of occupancy until the youngest child, Dawn, reaches age eighteen. She has the added duty of paying all payments on the note and deed of trust which will add to the value of both tenants in common. It follows that her co-tenant in common interest is both burdened and benefited by these decree provisions. As a result of the execution sale the plaintiff acquired the interest of David Graf subject to the same benefits and disabilities.

■ We conclude that the Graf dissolution decree disposed of the marital home, as marital property, in compliance with § 452.330, RSMo 1978, and that the court erred in concluding that it was without subject matter jurisdiction because it found otherwise.

There is, therefore, no jurisdictional impediment in the court proceeding to determine the merits of the petition to quiet title. Likewise there is no jurisdictional impediment in proceeding on the merits on Count II, partition. *Ray v. Ray*, 629 S.W.2d 651, 653 (Mo.App.1982).

As indicated above, the plaintiff acquired the interest of David Graf in the real property involved here. This interest was subject to the benefits and disabilities contained in the Graf dissolution decree, including the obligation of Marilyn Graf to make the monthly payments, her right of exclusive use, and the obligation of both parties to share equally the expenses for real estate taxes and insurance premiums.

We reverse and remand for further proceedings not inconsistent with this opinion

SIMON, P.J., and KAROHL, J., concur.