**THOMAS JEFFERSON SCHOOL, INC.,**
**Plaintiff-Appellant,**

v.

**John KAPROS, Defendant-Respondent.**

**No. 51516.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1987.

---

Neil John Bruntrager, St. Louis, for plaintiff-appellant.

Paul L. Dobberstein, St. Louis, for defendant-respondent.

KELLY, Presiding Judge.

Thomas Jefferson School appeals from a $1,003.00 judgment of the Circuit Court of St. Louis City entered in its favor in a breach of contract action. We reverse and remand.

During the summer of 1981, respondent, John Kapros, enrolled his two sons, Mark and Erin, in Thomas Jefferson School for the 1981–1982 school year. On August 22, 1981, respondent signed and delivered to appellant two separate applications for the enrollment of Mark and Erin, which each required an initial $300.00 deposit. Respondent agreed to pay the sum of $6,200.00 for tuition and board for each son, payable in certain installments at designated times, and included the initial required deposits.

The essential pertinent parts of the enrollment agreement reads as follows:

I specifically understand and agree the students are enrolled only for the full school year and that the school reserves the right to dismiss a student at any time if, in the judgment of the faculty, the student's effort, progress, behavior, or influence is unsatisfactory.

I also understand that there will be no refund or reduction of the full year's tuition if a student is dismissed or withdraws. The fact that tuition is paid in two or more installments does not constitute a fractional contract. And I understand and agree that full payment will be required in all cases.

In September of 1981, respondent's children began their first day at Thomas Jefferson School. The school circulated a "No Fighting Rule," which was signed by respondent's oldest son, Mark Kapros. The rule specifically stated that the punishment for fighting was expulsion.

On October 18, 1981, an altercation ensued between Mark and another student. On October 19, 1981, a faculty-student council hearing was held to decide whether Mark should be expelled. Mark's parents were not notified prior to the hearing. Mark had no counsel other than the student-counsel president, Soby Bai, who advised Mark to remain silent at the hearing.

The record indicates that at the hearing, Mark was visibly upset and crying. During the hearing, the student council and the faculty asked Mark questions, but Mark did not tell his version of the story. However, three students who had witnessed the fight testified that they had seen respondent's son strike the other student. At the conclusion of the hearing, the student council voted to allow Mark to remain in school, but the faculty voted to expel him. Mark returned home later that evening.

Respondent's second son, Erin, voluntarily left the school about two weeks later, allegedly due to harassment by the other students and unhappiness over his brother's expulsion.

At the time of Mark's expulsion, respondent had paid Thomas Jefferson School the sum of $1,984.20. Appellants claimed a balance due of $10,447.30. Respondent refused to pay the remaining balance claiming that appellant had breached the contract by expelling his son.

In a court-tried case, the court rendered a judgment in favor of appellant. Pursuant to appellant's motion, the court made findings of fact and conclusions of law. The trial court specifically found, inter alia, that:

1. "[t]he contract was breached by the plaintiffs when they expelled Mark Kapros without sufficient reason or cause."
2. "As to the issue of liquidated damages and the measure of damages the Court does find that the provision as to full tuition is not a penalty clause. The measure of damages is the actual damages sustained."
3. "The Court further finds that the plaintiff is entitled to actual damages up to the time of the breach."

The Court then entered judgment for the appellant against respondent in the amount of $1,003.00 plus costs.

Appellant raises three points on appeal. Appellant first contends that the trial court erred in finding that plaintiff was in breach of the contract for the reason that the findings are inconsistent with the judgment and erroneously applies the law. We agree.

In a court-tried case, "[t]he judgment of the trial court will be sustained by the appellate court, unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 [1] (Mo. banc 1976).

In the instant case, the trial court found that plaintiff breached the contract, yet also ruled in favor of plaintiff and awarded plaintiff damages. We conclude that the trial court's finding that plaintiff breached the contract by expelling Mark Kapros without sufficient reason or just cause is not supported by substantial evidence.

The "No Fighting Rule," which Mark Kapros signed on the first day of school, certainly provides just cause for respondent's son's expulsion. The rule reads as follows:

Thomas Jefferson School will expel at once any student who strikes another in anger or with intent to hurt or frighten. If a boy or girl strikes back at someone who has hit him or her both will be expelled. No fighting is permitted under any circumstances.

The rule specifically states that the punishment for fighting is expulsion.

Furthermore, the enrollment agreement clearly states that, "... the school reserves the right to dismiss a student at any time if, in the judgment of the faculty, the student's effort, progress, behavior, or influence is unsatisfactory."

Several students present at the faculty-student council hearing had witnessed the fight. Three students testified that they had seen respondent's son strike the other student.

Since there was sufficient evidence to support the judgment in favor of plaintiff, the finding of fact and conclusion of law that plaintiff breached the contract should be disregarded since it does not support the judgment entered. *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 78 [5] (Mo.App.

1980). We find that the school's enrollment agreement, the school's "No Fighting Rule," and the testimony of the students clearly provide sufficient reason and just cause to allow the school to expel respondent's son as a result of the fight that occurred at school on October 18, 1981.

We must now decide the proper method to calculate plaintiff's damages. The trial court calculated plaintiff's damages based on the total tuition and costs divided by the number of students, and arrived at a cost per month per student. The Court then multiplied this figure by the amount of time each son attended school, and concluded that respondent still owed appellant $1,003.00 for unpaid tuition to the time of the expulsion.

■ Appellant next contends that the trial court erred in calculating damages owed appellant for the reason that the contract contained a liquidated damages clause which the court found valid but failed to enforce. The liquidated damages clause reads as follows:

"... I also understand that there will be no refund or reduction of full years tuition if a student is dismissed or withdraws. The fact that tuition is paid in two or more installments does not constitute a fractional contract. And I understand and agree that full payment will be required in all cases."

We agree with the trial court's finding that the clause in question is a valid liquidated damages provision binding on the parties. We disagree, however, with the trial court's determination that subsequent to Mark Kapro's expulsion, respondent had no further obligation to pay the balance of the tuition owed.

"The term 'liquidated damages' means that amount which, at the time of contracting, the parties agree shall be payable in the case of breach." *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177, 179 [4] (Mo.App.1984). The liquidated damages clause was included in the enrollment contract to compensate appellant in the event of the withdrawal or expulsion of a student.

We find the trial court erred in not awarding appellant the full measure of damages as set forth in the liquidated damages clause.

Appellant's final point is that the trial court erred in finding the contract to be entire and not severable because there were two written instruments and each was a separate obligation.

The trial court's findings of fact and conclusions of law refer to a single contract. However, the evidence showed that respondent signed two separate enrollment contracts, and agreed to pay $6,200.00 for tuition and board for each son for the 1981–1982 year. Additionally, on August 22, 1981, appellant remitted two separate deposits of $300.00 each, to reserve a spot for each son for the upcoming school year.

■ The question of whether a contract is entire or severable is primarily one of intention which is to be determined from the language which the parties have used and the subject matter of the agreement. *Lopp v. Peerless Serum Company*, 382 S.W.2d 620, 624 [1] (Mo.1964). In the case at bar, the school undertook separate obligations to educate, lodge and board each child. The evidence presented established that the parties entered into two severable agreements. The expulsion of the older son did not affect the obligation of appellant, since the younger son remained in school until respondent voluntarily removed him. Thus, we find the contract to be severable because there were two written instruments and each was a separate obligation.

We conclude that appellant is entitled to damages for the full contract price on each of the two separate enrollment contracts.

We reverse and remand the judgment of the trial court with directions that the trial court enter its judgment in accordance with this opinion.

CARL R. GAERTNER and CRIST, JJ., concur.