Phyllis Ann WRIGHT,
Plaintiff–Appellant,

v.

Colin L. WRIGHT,
Defendant–Respondent.

No. 55685.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Gerald R. Ortbals, St. Louis, for plaintiff-appellant.

Michael W. Flynn, Michael H. Izsak, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Phyllis Ann Wright, brought this separate action in equity against defendant, Colin L. Wright, seeking a division of marital property which a dissolution decree allegedly failed to divide. Plaintiff appeals from the trial court's grant of defendant's motion to dismiss for lack of subject matter jurisdiction. We affirm.

■ The marriage of the parties was dissolved in 1974. At the time of the dissolution they owned a residence as marital property. The dissolution decree, with regard to the residence, provided:

> Petitioner shall have the right to live in the family home ... (free from any claim of Respondent) until the parties youngest living child attains the age of 21 or is self-supporting (whichever event occurs later); thereafter Petitioner shall within one year sell said residence and divide equally the net proceeds of the sale with Respondent....

Plaintiff contends that the decree did not divide the marital property as required by Section 452.330, RSMo Supp. (1988) because the decree (1) did not define net proceeds, (2) did not indicate which party was to bear the expense of maintaining the residence, and (3) neither vested title in either party, nor specified how the property was to be held.

In *Buchanan v. Graf,* 671 S.W.2d 379, 381 (Mo.App.1984), this court upheld the validity of a dissolution decree which provided in part:

> [T]he petitioner [wife] shall be allowed to remain in the marital residence ... until such time as the youngest child ... attains the age of (18) years; and at such time as such child attains the age of (18) years the marital residence shall be sold and the proceeds divided one-half each to petitioner and respondent after the costs of sale and mortgage indebtedness has been paid.

In *Buchanan,* we held that the above language divided the marital property and created an undivided one-half tenant in common interest in each spouse. We note, as we did in *Buchanan,* that additional provisions of the above decree relating to the parties' liabilities for mortgage payments, maintenance expenses, taxes and insurance, simply added to the common law rights and duties of the parties as tenants in common. In *Cook v. Cook,* 759 S.W.2d 891, 893 (Mo.App.1988) we held that a dissolution decree containing similar language "effected a final disposition of the property as required by Section 452.330 and by operation of law converted the parties ownership to a tenancy in common." The Supreme Court of Missouri has implicitly adopted the same view in *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 65 (Mo. banc 1983).

While the decree in question is not as detailed as it might have been, we find the disposition sufficient for the purposes of Section 452.330. We therefore hold that the decree creates a tenancy in common, the interest of defendant being subject to an exclusive right of occupancy in plaintiff until the occurrence of such contingencies as the decree sets forth.

■ As the decree in question effected a valid division of marital property, plaintiff is precluded from relitigating the issue in a separate action. The motion court acted properly in dismissing plaintiff's petition for lack of subject matter jurisdiction.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.