SCHOOL DISTRICT NO. 46 ET AL., APPELLANTS, v. STEWARTSVILLE SCHOOL DISTRICT ET AL., RESPONDENTS.—110 S. W. (2d) 399.

Kansas City Court of Appeals. November 27, 1937.

*Edward G. Robison* and *J. N. York* for appellants.

*DuVal Smith, Pross T. Cross, Gerald Cross* and *R. H. Musser* for respondents.

SHAIN, J.—The appeal in this cause is from the judgment of the Circuit Court of DeKalb County quashing a writ of error issued by the said court to the County Court of DeKalb County, Missouri, commanding said County Court to send to the Circuit Court a duly certified record and proceedings wherein School District No. 46 of DeKalb County and Bert P. Ivie were plaintiffs and Dallas Pickett and Stewartsville School District of DeKalb County, Missouri, are defendants.

It appears from the record that a farm of 85 acres belonging to Bert P. Ivie had, for the year 1935, been assessed for school purposes in, and extended on the tax books, to Stewartsville School District, DeKalb County.

It appears that at the August term, 1935, of the County Court of DeKalb County, Bert P. Ivie filed a petition of complaint in said County Court, asking said court by its findings, judgments and decrees to find that said 85 acres of land was not in the Stewartsville School District, but was located in rural district No. 46, and asking that correction be made to conform to said fact.

The petition of said Ivie avers that Stewartsville District and District No. 46 have an interest in the controversy and that Dallas Pickett, who it is alleged has land lying between the land of Ivie and the Stewartsville School District, also has an interest in the controversy.

The petition of said Ivie alleges that ''The question of legality of the change of boundary lines between Common School District No. 46 and Stewartsville School District is involved; that it also involves the rights of both school districts to levy taxes on the lands of the petitioner and the lands of Dallas Pickett.''

The petition of Ivie prays the County Court upon a hearing to correct what the petitioner asserts is an erroneous assessment is respect as stated above.

It appears that all parties stated to have any interest in the controversy, were duly notified to appear at the hearing.

The record discloses that there was a hearing had in said matter before the said County Court at the August term, 1935, of said court and that the judgment of the County Court was against the petitioners.

At this particular point in the proceedings the waters of the controversy become clouded.

We glean from the record and from admissions made in the oral argument that the dangerous practice was followed of permitting the counsel of the losing party to prepare the record entry of judgment.

The entry as prepared and duly placed of record on the last day of the November term, 1935, of the County Court of DeKalb County, Missouri, covers practically five printed pages and contains many eliminating findings of fact. Among other things it is recorded as found that the 85 acres of Ivie is found to be far without the boundaries of Stewartsville District and at no point touching said district.

Said finding of fact further contains this language:

''—that at the annual school meeting in said year, School District No. 4, Township 57, Range 32, of DeKalb County, Missouri, now School District No. 46, was by a majority vote voted out of said District No. 4, and accepted by a majority vote of Stewartsville School District. *The court finds the last paragraph from oral evidence, there being no records in existence of either district as to what action was taken at said meeting.*'' (Italics ours.)

Suffice it to say that in said judgment entry the findings of facts are in direct conflict with the conclusion of the decree.

Based upon the entry of judgment, as prepared and entered as aforesaid, the counsel for petitioner in the proceedings before the County Court made application for writ of error to the Circuit Court of DeKalb County, Missouri, at the January term, 1936, of said court.

At said January term of said Circuit Court a writ of error was duly directed to the County Court wherein said court was commanded

to send to the said Circuit Court a certified copy of all records and proceedings in said matter.

At this stage of the proceedings the already beclouded waters of the controversy received another stirring.

We glean from the record and the admissions made in the oral argument, that the counsel for defense in the proceedings before the County Court becoming informed of the record entry of judgment as prepared and entered on the last day of the November term, 1935, of the County Court, went before the County Court at the January term, 1936, and at said term, the following is shown:

"—the court now again considers the above captioned matter and it having heretofore been discovered that the judgment rendered in the above entitled cause on Decembr 30th, 1935, was not the judgment of this court and that the language of the record of December 31st, 1935, pertaining to this cause, beginning with the words, 'the court further finds that the lands above described, belonging to said Dallas Pickett . . .' and ending with the words . . . 'for taxation for school purposes therein' and the sentence 'The court finds the last paragraph from oral evidence' and all that part of said judgment as recorded of December 31st, 1935, beginning with the words 'The court finds that since 1891 . . .' ending with the words 'Presiding judge' except 'costs taxed against Bert P. Ivie' and 'all done this the 31st day of December, 1935, and during the regular November Term, 1935, of this court. Robert Shackelford, Presiding Judge.'

It is not and was not the judgment of this court and all of said above language is stricken from the records of this court and for naught held and the judgment and findings of this court which were made December 30th, 1935, are as follows:"

After the above, the judgment of the County Court with aforesaid findings of fact expunged, is set out and the following judgment is shown:

"—The court further finds that the above described land belonging to Bert P. Ivie, should for school purposes be assessed in Stewartsville School District, and that all of said above described land is liable for assessment and taxes in said district.

And the court further taxes the costs herein against the complainant, Bert P. Ivie.

All done this 31st day of December, 1935, and during the regular November Term, 1935, of this court. Robert Shackelford, Presiding Judge."

The finding of fact as shown in the last above entry cuts out the finding to the effect that the land of Ivie was beyond and outside the limits of Stewartsville District and cuts out that part as to oral evidence as underscored by us in the quotation, supra.

From the record we conclude that a full transcript of the whole proceeding was lodged in the Circuit Court of DeKalb County.

The appellants record does not disclose that there were any further pleadings filed in the Circuit Court or that any oral evidence was produced and heard in the Circuit Court.

In the record filed herein by the appellant, immediately following the certificate to the return of the County Court and immediately preceding the record entry of judgment of the Circuit Court, there appears the following:

"—The whole of the proceedings in County Court (except a spurious record made after the final adjournment of the regular November, 1935 Term of said court, to court in course of regular February, 1936 Term of said court), with file mark thereon was offered in evidence by plaintiffs in error, and preserved by bill of exceptions.

"The spurious record purports to have been made February 4th, 1936, and after adjournment to court in course of the regular November Term, 1935, at which term this matter was finally concluded in the County Court; writ of error sued out, and served after the service of the same, the County Court, at subsequent term, attempted to rewrite its judgment in this cause, on February 4th, 1936 (not as a *nunc pro tunc* judgment). This spurious record is included in clerk's return to writ of error; in doing so he was an interloper.

"This cause was submitted upon the judgment of December 31, 1936, of County Court. (The spurious record is from page 12 to the Certificate.)"

The above might find place in a text book on rhetoric as an example of sarcasm. However, we find no excuse for same appearing in this record. To say the least, the author who brands the clerk as an interloper puts himself in the position of a "pot that calls the kettle black."

The entry of judgment of the Circuit Court is as follows:

"—Now on the 28th day of January, 1937, the court having heretofore had submitted to it the records of the County Court of DeKalb County, Missouri, in these proceedings, and having heard and considered the same, under the writ of error issued herein, and taken same under advisement and now being fully advised in the premises, finds that there is no error of record shown by said proceedings, and that the writ of error herein should be quashed.

"It is, therefore, ordered, considered and adjudged by the court that the writ of error heretofore issued herein be and the same is hereby quashed and held for naught, and that said proceedings thereunder be dismissed and that the defendants have and recover of the plaintiffs in error their costs herein expended and have execution for the same."

Exception to the above is shown as made by appellants herein and

duly entered of record and is the only exception shown as taken in the proceedings in the Circuit Court prior to the motion for a new trial.

The plaintiffs, in action before the County Court and plaintiffs in error, in the proceedings in the Circuit Court, fully perfected this appeal and are the appellants herein.

### Opinion.

The appellants herein under "Assignment of Errors," present under 9 heads in argumentative form what purports to be specifications of error charged against the Circuit Court. When summarized complaint is made first, that "the Court erred in holding the Ivie land liable for taxation for school purposes in Stewartsville School District." The record does not disclose that the Circuit Court made any such specific finding. Second, error is assigned that, "the Court erred in failing to hold said land was not liable for taxes for school purposes in School District No. 46." There is no record showing of such holdings. Third, "the Court erred in not quashing the record of the County Court under review that held the 85 acres was liable for school taxes in Stewartsville School District." Fourth, "The Court erred in failing to quash the record of the County Court holding that the said 85 acres of land was within said Stewartsville School District, and liable for levy for school taxes therein for the year, 1935."

As to the above there is no showing in the record that any direct request as to said matters was made by the court and no specific rulings as to said matters were made by the court and no specific rulings as to such matters are shown as made by the court.

It must be understood that the judicial act complained of in this appeal is the judgment of the Circuit Court quashing the writ of error in question.

One simple assignment of error to-wit: That the Court committed error in quashing the writ of error, for reasons assigned, would be ample for review of every issue in this case. Strange to say, no such an assignment is made in appellants' brief.

The appellants herein by filing their petition in the County Court invoked that Court to exercise jurisdiction and determine the legality of the change of the boundary lines between two school districts and the right of both districts involved to levy taxes on the lands of petitioner and the lands of Dallas Pickett. In the exercise of such power the County Court of DeKalb County, Missouri, must of necessity have jurisdiction to determine as to whose lands are and are not within the boundaries of the School Districts.

Respondents herein in their brief challenge the jurisdiction of the County Court to hear and determine such issues as are set forth above and present additional abstract which sets forth a motion to

quash the writ of error that was filed in the Circuit Court for the reason stated.

Article VI, Section 1, of the Constitution of Missouri, confers judicial power upon the County Court. Section 36 of Article V of the Constitution limits and defines the jurisdiction of County Courts "—to transact all county and such other business as may be prescribed by law."

As to erroneous assessments of taxes, section 9808, Revised Statutes 1929, provides that County Courts shall determine allegation of erroneous assessments or mistakes of defects in description when petitioned by one, who shall show good cause for not having attended meeting of board of equalization.

The above section has no bearing upon the controversy herein involved.

Section 9980, Revised Statutes 1929, provides as follows:

"The several county courts are hereby authorized and empowered to hear and determine all allegations of erroneous assessments of lands for taxes and in all cases where it shall appear that lands have been erroneously taxed, either by having them taxed to more persons than one, or more than once for the same year to the same person, or if the land was not subject to taxation, the said court shall order the same to be corrected on the books of the proper assessor, and shall cause the clerk to make the corrections on the books in his office."

Section 9946, Revised Statutes 1929, as amended by Laws of 1933 provides:

"In all cases where any assessor or assessors, the county court, or assessment board, shall have assessed and levied taxes, general or special, or any real estate, according to law, whether the same be delinquent or otherwise, and until the same are paid and collected, with all costs, interests and penalties thereon, the city council of any city and the county court of any county shall have the full power to correct any errors which may appear in connection therewith, whether of valuation, subject to the provisions of the constitution of this state, or of description, or ownership, double assessment, omission from the assessment list of books, or otherwise, and to make such valuations, assessment and levy conform in all respects to the facts and requirements of the law. Any description or designation of property for assessment purposes by which it may be identified or located shall be a sufficient and valid description or designation."

The provisions of the above two sections are invoked by the appellants herein.

Under the law in this state, school districts are bodies corporate and the boundary privileges and liabilities are measured by law and can only be changed in the manner the law prescribes. [School District No. 7 v. School District of St. Joseph, 184 Mo. 140.] No Missouri au-

thority is cited and we find no authority for jurisdiction on the part of County Courts to determine as 'to boundaries of school districts.

As in State ex rel. v. Brown, 172 Mo. 374, the real error, if error, asked to be corrected in the petition of Ivie to the County Court is in fact not an erroneous assessment, but in fact, is an erroneous taxation. In the Brown case, it was shown that the County Clerk had extended the tax to School District No. 4, whereupon a petition for *mandamus* was filed in the Circuit Court to compel the collector to receive the school tax according to estimate to School District No. 2, wherein it was alleged that the property was situated and taxable for school purposes.

The Circuit Court denied the writ and its judgment was affirmed on appeal to the appellate court.

In the opinion in the Brown case it is clearly set forth "that if plaintiff is taxed in the wrong district or wrong county, then it is illegal and its collection cannot be enforced."

It is further said in the aforesaid opinion:

"—If the county clerk had no right or authority to assign the curator to district No. 4, and assess a tax against him according to the rate fixed by said district, then such taxation is simply illegal and void, and his property is not subject to levy to pay the same, and if seized and sold by the officer may be recovered by the plaintiff in an action of replevin against the purchaser. [Railroad v. Lowder, 138 Mo. 538.] If he is sued for the tax, he may set up the illegality and defeat the action. No injunction would even lie, for there is no multiplicity of suits to avoid, which alone gives jurisdiction to courts of equity to restrain the collection of illegal taxes." The language as to replevin, of course, applies to personal property alone.

Under the authority of State ex rel. v. Brown, supra, we hold that the complaint filed by appellants in the county court of DeKalb County, Missouri, presents an issue of erroneous taxation and not an issue of erroneous assessment and that the county court of said county did not have jurisdiction to determine the issues as presented in appellant's complaint filed in said court in this cause. There is no constitutional or statutory authority giving jurisdiction to county courts in matters of erroneous taxation.

According to our conclusion as stated above, the appellant herein invoked the county court to take jurisdiction of and adjudicate matters wherein that court had no jurisdiction to act and that therefore appellants are not in a position to complain of the action of the circuit court in such matter.

In effect the appellants submitted to the county court issues that the court had no jurisdiction to determine and the said county court assuming to act determined the issue against the petitioners. We hold that the circuit court is justified in quashing the writ of error sued

out by appellants herein, regardless of whether or not the County Court of DeKalb County, Missouri, did or did not have a right to make the changes in county court records after term time and regardless of the fact that the circuit court in prefacing its judgment record found that there was no error of record shown by the proceedings in the county court.

Where a court has no jurisdiction to proceed, any entry of judgment is void and neither an appeal or writ of error presents a remedy. [State ex rel. Orr v. Latshaw, 291 Mo. l. c. 592, 598-9.]

The writ of error in the present instance is not a new trial and but reviews the record. The county court having no jurisdiction to try and determine the issues presented, the so called judgment of records in that court does not in fact constitute judgment. The action of the county court is *coram non judice*. It follows that a writ of error granted to review the record in such a proceeding could serve no useful purpose and should be quashed.

Judgment affirmed. All concur.