**HANDLEY–ADAMS, INC.,**
**Plaintiff-Appellant,**

v.

**Ruth Joy UZZELL,**
**Defendant-Respondent.**

**HANDLEY–ADAMS, INC.,**
**Plaintiff-Respondent,**

v.

**Ruth Joy UZZELL, Defendant-Appellant.**

**Nos. 12188, 12159.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 3, 1981.

James L. Bowles, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, for plaintiff-appellant-respondent.

David R. Fielder, Springfield, for defendant-respondent-appellant.

PER CURIAM.

The trial court, sitting without a jury, denied plaintiff Handley-Adams, Inc. relief on its petition and also denied defendant Ruth Uzzell relief on her counterclaim. Both sides appeal. Appellate review is governed by Rule 73.01 [1] as discussed in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). Neither side invoked Rule 73.01(a)(2) concerning requests for "a statement of the grounds for its decision and the method of determining any damages awarded" and the trial court made no such statement.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

On January 1, 1977, plaintiff, the operator of an insurance agency, employed defendant, a licensed insurance agent, to sell insurance. Under the terms of the written contract of employment defendant was entitled to a monthly salary of $833.33 and to certain commissions "on all new and renewal business" produced by defendant. In December 1977 a dispute arose between the parties and plaintiff notified defendant that it was terminating the contract. Under the agreement termination required "30 days' written notice" except in cases of "fraud, embezzlement or any other dishonest act" of defendant. No notice was given.[2] Defendant's salary was paid through December 10, 1977, but she continued working for plaintiff for approximately one month thereafter.

The petition sought recovery on an interest-bearing promissory note in the principal amount of $2,492 made by defendant in favor of plaintiff on December 6, 1977. Count I of the counterclaim sought recovery for commissions, including post-termination commissions, allegedly due defendant and Count II sought recovery of one month's salary of $833.33. Defendant's evidence was to the effect that the commissions amounted to $1,897.73. The trial court entered judgment in favor of defendant on the petition and in favor of plaintiff on both counts of the counterclaim.

Plaintiff's first point is that the trial court erred in entering judgment for the defendant on the petition because defendant admitted liability to plaintiff on the promissory note. It is true that at the trial

defendant's attorney, and defendant herself in her testimony, conceded that plaintiff's cause of action on the note was well-founded. Defendant's attorney, however, made this statement to the trial court: "We are about at an even-Steven breaking point on what they owe us and what we owe them." There was evidence to support that statement.

"In cases on claims and counterclaims, generally there would be separate findings on plaintiff's claim and on defendant's counterclaim embodied in a single judgment which, in usual practice, recites the findings and concludes with a judgment for the party in whose favor the greater finding was made, and for the sum which represents the excess of his finding over that of his adversary." (Citing authorities.) *Riddle v. Dean Machinery Co.*, 564 S.W.2d 238, 259[11] (Mo. App.1978).

It is true that the trial court's judgment did not comply with the foregoing procedure. This court's review of the record, some of which consists of business records, leads it to the conclusion that the trial court could properly have found, and this court does find, that the amount to which plaintiff was entitled on its petition does not exceed, and in fact may be slightly less, than that to which defendant was entitled on her counterclaim. Indeed, except for plaintiff's first point, neither side seems to be unhappy with the trial court's judgment.[3]

This court holds that the judgment of the trial court is supported by substantial evi-

---

**2.** Although plaintiff's position at the trial was that no notice was necessary because defendant had been guilty of dishonesty, the evidence justifies a finding that there was no dishonesty. One of defendant's exhibits was a letter to her from plaintiff's president stating, "I am now convinced that you didn't do anything dishonest."

**3.** Plaintiff's second and third points, respectively, read: "The trial court *correctly* entered judgment in favor of plaintiff on defendant's counterclaim because ..." These points do not comply with Rule 84.04(d) which requires a point to "state briefly and concisely what actions or rulings of the court are sought to be

reviewed and wherein and why they are claimed to be *erroneous*...."

Defendant's brief, as appellant, says: "As worded the judgment was against each party on his or her respective claim, thus resulting in no recovery by either party. The result being what defendant had desired, defendant in actuality has no quarrel with the trial court's judgment. However, in view of plaintiff's appeal of that portion of the judgment denying plaintiff recovery, defendant has appealed to protect her interests. It is therefore defendant's position herein that the result reached by the trial court was a correct one, and that the only complaint either party may have is the 'back door' route followed to achieve said result."

**534**

dence and is not against the weight of the evidence. An extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

All concur.