**Nancy Ellen SWINFORD, Appellant,**

v.

**Darrel Joseph SWINFORD, Respondent.**

**No. WD 35267.**

Missouri Court of Appeals,
Western District.

Dec. 4, 1984.

Betsy Ann T. Stewart, Independence, for appellant.

William A. Mayer, Kansas City, for respondent.

Before TURNAGE, C.J., and MANFORD and KENNEDY, JJ.

TURNAGE, Chief Judge.

The trial court granted a Dissolution of Marriage to Nancy Swinford and Darrel Swinford, and subsequently ordered the marital real estate to be sold. The court directed each party's share to be subject to certain expenses. Nancy appeals. Reversed and remanded.

The court dissolved the marriage on April 29, 1982. The decree contained the property settlement agreement entered into by Nancy and Darrel as it applied to the real estate. The decree described the marital real estate only in terms of a postal address. The decree stated that the real estate was listed for sale and that the parties agreed to continue listing the property for sale, and to do everything necessary to help facilitate a sale. Darrel was given the right to occupy the real estate pending the sale, with the obligation to pay the mortgage payments, taxes, and insurance until the sale was closed. The decree did not contain any provision that divided the real estate or allocated its ownership between the parties, nor did it provide for the disposition of the proceeds of a sale.

On December 3, 1982, Nancy filed a motion asking the court to appoint a receiver to sell the real estate, and on December 20, 1982, the court entered an order appointing a receiver to sell the property. This order did not specify any terms of sale nor direct that such sale be public or private.

On July 27 and 28, 1983, the court heard a number of motions, including a motion by the receiver for an order to sell the property and for distribution of the proceeds. The receiver testified that he was a licensed real estate broker, and that he had appraised the real estate at $88,500. The receiver testified that he had agreed orally with Darrel to sell him the property for $77,880, and that he had not attempted to sell the property to anyone else. The receiver stated that he agreed to sell to Darrel at the reduced price because if the property were sold to a third party, at least $10,000 of expenses would be incurred.

The court recessed the hearing to give the receiver and Darrel an opportunity to sign a contract for the sale of the property for $77,880. The court thereafter entered an order approving the sale to Darrel for $77,880 and provided that the receiver first

pay a small balance to Mastercard from the sale proceeds, and thereafter divide the proceeds equally between the parties. The court ordered Darrel's share of the proceeds to be subject to a $500 payment to Nancy for compensation of a tractor, and payment to Nancy of back child support. The court ordered Nancy's share to be subject to $2,400 for Darrel's attorney fees, $929 for the receiver's fee, and $585 for the receiver's attorney fees. Darrel was also ordered to pay the receiver $500 from his share. The judgment did not determine the ownership of the real estate but only divided the proceeds.

Nancy has appealed both the sale of the property to Darrel for $77,880, and the fees ordered paid from her share.

■ Before Nancy's assertions of error can be reached, a more fundamental defect is apparent. At the time the court appointed a receiver to sell the property, the ownership of the real estate had not been decided. Until the court divides the real estate and vests the ownership in one party or the other or in the parties in definite proportions, the court has not exhausted its jurisdiction in the dissolution case with respect to the real estate. *State ex rel. Brewer v. Sheehan,* 565 S.W.2d 850 (Mo.App.1978). Until the court determines the ownership of the real estate, it has no jurisdiction to order its sale. *See id.* at 851. This follows from the fact that the court still retains jurisdiction over the real estate until its ownership is decided.

Because the court failed to dispose of the real estate in the dissolution decree, it had no jurisdiction to appoint a receiver and order the sale of the property. A judgment entered by a court without jurisdiction to act on the matter is void. *School District No. 46 v. Stewartsville School District,* 232 Mo.App. 631, 110 S.W.2d 399, 404[7] (1937). For that reason the judgment must be reversed and this cause remanded for further proceedings.

■ In view of the remand, it is necessary to discuss the judgment entered lest the trial court conclude that it could simply distribute the real estate and then enter the same judgment. It should first be noted that the trial court can order a sale of marital real estate. This court has held that a trial court may order the sale of real estate under the power vested by § 452.-330, RSMo 1978 (now Supp.1984) to divide the marital property. *Wilhoit v. Wilhoit,* 599 S.W.2d 74, 80[8–11] (Mo.App.1980). In *Flach v. Flach,* 645 S.W.2d 718 (Mo.App. 1982), the court amended the decree to include a provision that the trial court appoint a commissioner to sell the home if the parties could not agree on a sale price. *Id.* at 721[6]. Other states with statutes similar to § 452.330 have recognized the trial court's power to order a sale of real estate as an adjunct to its power to divide marital property. *See Jekot v. Jekot,* 32 Colo.App. 118, 507 P.2d 473 (1973); *Rummel v. Rummel,* 265 N.W.2d 230 (N.D.1978); *Zillert v. Zillert,* 395 A.2d 1152 (Me.1978); *Walker v. Walker,* 119 N.H. 551, 404 A.2d 1103 (1979).

■ While the court has the power to order a sale of real estate to accomplish the division of property, no statute or rule prescribes the procedure to be followed. This court will not attempt to prescribe such a procedure because of the various factual situations which may arise. Generally, however, it may be said that there are at least two conditions required to be established before the court may order a sale: (1) a finding that the property cannot be divided in kind; and (2) a finding that a sale would be in the best interest of one or both of the parties. Such findings would need a sufficient evidentiary foundation.

Further, the order requiring a sale should specify the terms—whether or not the sale is to be for cash and whether it is to be a public or private sale. Generally, a judicial sale is required to be made at public auction. 50 C.J.S. *Judicial Sales* § 16 (1947).

■ The court should appoint the person who is to conduct the sale. In this case, the court appointed a receiver. Section 515.240, RSMo 1978, provides for the appointment of a receiver in certain in-

stances. However, none of those instances were present in this case. For that reason, when the court orders a sale it should avoid titles such as receiver, referee, or master, unless such appointment is intended to fulfill the duties of such office set out by statute or rule.

Unless a statutory receiver, referee, or master is to be appointed, the person named to conduct the sale could be designated as a commissioner. Obviously, the appointment would entitle the person to a reasonable fee to be fixed by the court. As stated, the court's order of appointment should fully provide for the method and terms of the sale.

■ In this case, the court subjected Nancy's share of the proceeds to payment for the receiver's attorney fees. The receiver had not obtained court authority to employ an attorney, nor had the receiver made any showing that he needed to employ an attorney. The receiver was a licensed real estate broker and the only function he was shown to have performed was an appraisal of the property and the execution of a sales contract with Darrel. Real estate brokers are authorized to draw form contracts and it is not shown the contract in this case was beyond the broker's authority to draw. In addition, each party was represented by counsel and there is no showing that the receiver could not have obtained any necessary assistance from one or both of such counsel. Before the person appointed to sell the property retains an attorney to assist him in his duties, he should show the court the necessity to retain an attorney and obtain the court's approval. The court may thereafter allow reasonable attorney fees.

■ Further, the court authorized a sale to Darrel for about $10,000 less than the receiver had stated was the reasonable value of the real estate. The reasoning for the price reduction was that such amount would have been expended had the property been sold to a third person. This completely overlooks that this resulted in Darrel receiving a windfall in that he obtained property worth $88,500 for $77,880. While it may be true that the described expenses might have been incurred if the property had been sold to a third party, such reasoning does not authorize a windfall to Darrel. The court said it was going to divide the proceeds equally, but the net result was that Darrel obtained an advantage of almost $10,000.

■ The court ordered $2,400 to be deducted from Nancy's share for Darrel's attorney fees. The dissolution decree provided that each party's attorney fees incurred up to the time of the dissolution would be deducted from the sale proceeds, but attorney fees incurred after the dissolution would be payable by each party. This award in favor of Darrel was inconsistent with the decree and was improper. The order on distribution of property as it related to the payment of attorney fees was final and not subject to modification. Section 452.330.4, RSMo Supp.1984. The order was an attempt to modify the distribution and is not allowed. This is true even though the court failed to distribute the real estate. This has no effect on the other provisions of the decree relating to the division of property because those provisions have become final.

As stated previously, the trial court should have given the receiver instructions as to the conduct of the sale. This would have avoided the receiver making a private sale to Darrel without making any effort to find other buyers or to obtain a better price.

While a precise procedure is not formulated herein on the conduct of a sale, guidance on conducting a judicial sale may be found in 50 C.J.S. *Judicial Sales* (1947). Of necessity the trial court is vested with discretion in whether or not to order a sale and in giving the proper instructions if it does order a sale.

On remand, it will be necessary for the court to apportion the marital real estate between the parties. Thereafter, the court will be free to consider on proper motion whether or not a sale of the property

should be ordered, and if so, the terms of the sale.

The judgment is reversed and this cause is remanded for further proceedings.

All concur.