In re the MARRIAGE OF Beverly Ruth WILSON and Jerrell D. Wilson.

Beverly Ruth WILSON,
Petitioner-Appellant,

v.

Jerrell D. WILSON, Respondent.

No. 14701.

Missouri Court of Appeals,
Southern District,
Division One.

April 6, 1987.

Monte P. Clithero, Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for petitioner-appellant.

Ralph W. Gilchrist, Bolivar, for respondent.

PREWITT, Judge.

This appeal is taken from a decree dissolving the parties' marriage. Among the points presented for our review, appellant complains that the trial court erred in failing to find that certain assets were her separate property, and in finding that certain assets were respondent's separate property. Under the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), there was no abuse of discretion in those matters.

Appellant also contends that the trial court erred in dividing the marital property. As in our view appellant's point contending that the trial court abused its discretion in ordering the real estate of the parties sold is well taken, that division will have to be adjusted so it is not necessary to discuss the trial court's division of marital assets.

The parties acquired 195 acres in 1978 for $125,000. An adjoining five acre tract with a house was purchased in 1980 for $37,000. Substantial improvements were made on the property during the parties' marriage. Both appellant and respondent valued the 200 acres at approximately $140,000, and an expert witness who testified for the appellant, at $165,000. The land was used as a dairy farm and also to raise beef cattle. The trial court found that the 200 acres "cannot be divided in kind and that a sale of said real estate would be in the best interest of petitioner and respondent and that such sale should be a public sale for cash". The decree provided that the indebtedness against that property and an unsecured note be paid from the proceeds of the sale. The trial court further decreed that the first $7,200 of the remaining proceeds be paid to appellant and that any amounts left over thereafter be divided two-thirds to respondent and one-third to appellant.

■ Generally, at least two requirements must be present before the court should order a sale of marital property, 1) a finding that the property cannot be divided in kind, and 2) a finding that a sale would be in the best interest of one or both of the parties. Such findings need an evidentiary foundation. *Swinford v. Swinford*, 682 S.W.2d 189 (Mo.App.1984).

■ Although courts can order marital property sold and the equity therein divided, caution should be exercised in forcing liquidation of income-producing property. *Weast v. Weast*, 655 S.W.2d 752, 756 (Mo. App.1983); *In re Marriage of Kueber*, 599 S.W.2d 259, 262 (Mo.App.1980). Perhaps that would be true of most types of marital property.

One of the reasons that appellant opposes the forced sale is because she contends that the property will probably sell for less than its fair market value. Respondent counters that there was no evidence that the sale of the property would cause it to bring less than its fair market value. "It is well known that property when sold at a forced sale under a deed of trust usually does not bring its full value." *Hamiltonian Federal Savings & Loan Ass'n v. Wendling*, 199 S.W.2d 29, 37 (Mo.App.1947). See also 31A C.J.S. Evidence § 101, p. 152 n. 84 (1964). We think that would be true of a sale such as was contemplated here.

■ The evidence may have supported the finding that the property could not be divided in kind but we do not believe that it establishes that it would be in the best interest of one or both of the parties to hold a forced sale. For this reason we do not feel that the sale should be ordered. We hold that the trial court should reconsider the disposition of the parties' real estate.

Whether the property might reasonably be divided in kind we cannot definitely say from the record. The tracts were acquired separately so obviously at one time they could have been. However, the improvements made to them such as the barn located on the five-acre tract might have made a division in kind impractical. Use of the

barn might only be feasible with a tract of more than five acres. Whether the area the barn is located in could practically be severed and made a part of the 195 acres we cannot tell as we do not know its exact location on the premises. Also, we do not know where roads might be located, the availability of water on the properties and the present manner of fencing. For these reasons we do not think it proper for this court to try to make a determination if a division in kind could or should be made.

We understand that a division in kind of property encumbered by one lien could create present or future problems and must be done cautiously. Among possible dispositions the trial court might consider would be giving one party the 195 acres, possibly with additional acreage including the barn, and giving the other party the remaining acreage including the house. Payments from one to the other could be required for a just division. By so stating we do not intend to suggest to the trial court that the property in fact can or should be divided in kind.

If necessary, an amount in cash, perhaps by periodic payments, could be awarded to one of the parties in lieu of a portion of the real estate, if it cannot be divided and is awarded to the other party intact. See *In re Marriage of Paul,* 704 S.W.2d 278, 278–279 (Mo.App.1986). See also *In re Marriage of Pine,* 625 S.W.2d 942, 945–946 (Mo.App. 1981); *In re Marriage of Kueber,* 599 S.W.2d 259, 262 (Mo.App.1980).

The judgment is affirmed except as to the division of marital property and the order that the real estate of the parties be sold, and those portions of the judgment are reversed. The matter is remanded for further consideration by the trial court and, if deemed necessary by the trial judge, the taking of additional evidence on those issues.

GREENE, P.J., and CROW, J., concur.