**Mary Elizabeth PARKER, Respondent,**

v.

**John Gregory PARKER, Appellant.**

**No. WD 39239.**

Missouri Court of Appeals, Western District.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

Gary L. Stamper, Bear, Hines, Thomas, Dierkes and Stamper, Columbia, for appellant.

Carrie Francke, Powell, Seitz & Francke, Columbia, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

CLARK, Presiding Judge.

The principal issue in this appeal from a dissolution of marriage decree is whether the trial judge discharged his responsibility under § 452.330.1, RSMo 1986, to divide the parties' marital property in just proportions. Appellant contends the court abused the discretion invested in it by ordering a forced sale of all assets by the sheriff. We agree and therefore reverse the judgment as to marital property disposition and also as to the dependent issue of maintenance.

Appellant and respondent were married in 1973 and separated in 1985. Two children are affected by the dissolution decree. One was born of the marriage and the other, born to respondent in a prior marriage, was adopted by appellant. At the time of trial, respondent was 37 years of age and in good health. She has a high school education and had limited employment experience before and during the marriage. After separation, she obtained work as a dentist's receptionist and also worked part-time as a sales clerk. Her gross monthly earnings amounted to $900.00 per month. She continued to live in the family residence as did the two children. Appellant relocated in his parents' home.

Appellant is a doctor of veterinary medicine. He has conducted a practice in the profession since 1971. The parties' residence is situated on a small acreage tract on which is also located a large barn and three horse stalls. Appellant's office is located in the central area of Columbia, but he also uses the barn and horse stalls in his practice for treatment of animals which cannot be accommodated at appellant's office.

The foregoing facts were not disputed and comprise part of the evidence heard by the court on November 5, 1986 from fourteen witnesses. Evidence was also presented as to the nature and value of marital assets, appellant's income and respondent's needs for maintenance and child support. Custody of the children and provisions for their support as ordered by the court are not in issue. At trial and here, however, lines of dispute were drawn over property division and maintenance. On these subjects, the trial court admonished the parties to agree between themselves, failing which, he indicated the marital assets would be turned over to the sheriff and sold. To allow for negotiations, the court took the case under advisement and entered no judgment.

As time passed, no agreement for a property division was reached and on February 13, 1987, the court entered the judgment from which this appeal is taken. The decree ordered the marriage dissolved, custody of the two children was awarded to respondent and appellant was ordered to pay $300.00 per month as child support. Respondent was awarded $600.00 per month interim maintenance pending a sale of marital property and $1,000.00 per month thereafter. As to the marital property, the court's order read as follows:

All other personal property [exclusive of separate property] and marital residence ordered sold at public auction by Sheriff of Boone County and the proceeds of

same ordered divided equally less expenses and debt.

Notably, the judgment placed no value on any marital asset, it established no means for determining the adequacy of sale prices and it did not apportion the respective ownership interests of the parties. Appellant complains here that the trial court abused its discretion in ordering the sale of assets by the sheriff.

In *Swinford v. Swinford*, 682 S.W.2d 189 (Mo.App.1984), this court held that a trial court has no jurisdiction to order property sold in a marriage dissolution case until the court first divides the property and vests ownership in one party or the other, or in the parties in definite proportions. The rule implements the directive of the statute which requires the court to make a division of property exercising its judgment to determine from the evidence what division will be just. Only after the court has made that proportional allocation may the necessity for a sale be considered.

■ In the present case, the court made no determination of the respective interests of the parties in the various assets, both personal property and real estate, but merely ordered a wholesale liquidation. An order for sale is not appropriately used as a tool to force an agreement between contesting spouses or as a means for the court to avoid a particularized division of marital property. Because there was here no decree vesting ownership in appellant or respondent as to the assets, only a post-sale order for division of an unknown amount of proceeds, the court lacked jurisdiction to order the sale and that order is void. *Id.* at 191.

■ If, as we conclude, the order for the sheriff's sale was void, then there has been no disposition of marital assets in this case because there will be no sale proceeds to divide. The obligation of the trial court to divide the marital property continues until satisfied by entry of an appropriate judgment. Until that disposition has been made, the trial court has not exhausted its jurisdiction and the marital property is still subject to that jurisdiction. *State ex rel. Brewer v. Sheehan*, 565 S.W.2d 850, 851

(Mo.App.1978). For that reason, this case must be remanded to the trial court for its consideration of the issues presented on division of marital property. As was true in *Swinford*, some further comment is necessary to preclude re-entry of the same judgment based on a general finding that each of the parties is vested with an undivided one-half interest in the marital property as a whole.

■ Before a court may order a sale of marital assets, it must find that the property cannot be divided in kind. It must also find that a sale of the asset would be in the best interest of one or both of the parties. There must be an evidentiary foundation for both findings. *In Re Marriage of Wilson*, 727 S.W.2d 226, 227 (Mo.App.1987).

■ In the present case, marital personal property consisted, among other items, of motor vehicles, horses, family pets, appliances and household goods. It could not be seriously contended that this personal property cannot be divided in kind or that a public sale would be in the best interests of either party. The trial court should reconsider the propriety of ordering this property liquidated at a forced sale.

■ In contrast with the marital personal property, the real estate presents a more difficult question of division because of its particular utility to both parties. Whether a sale of the real estate on the courthouse steps would yield a value in money comparable to the utility of the property to the parties is doubtful. Pending resolution of the case, respondent's expenses for herself and the children have been less because of use of the residence. Appellant derives value from the acreage, barn and horse stalls as a treatment facility directly associated with production of income from his business. He testified that no similar space and structure were available to him. In this circumstance, the court would be well advised to consider alternatives to a sale including, but not limited to, a decree which would vest ownership in one of the parties with a cash allowance to the other secured by a lien. Any proposals of this nature by the parties would, of course, be

entitled to consideration. Only as a final alternative should a sale be ordered when no other possibility can be devised.

■ In two other points, appellant contends the trial court abused its discretion in ordering payment to respondent of $600.00 per month interim maintenance and $1,000.00 per month permanent maintenance in addition to the obligation to pay $300.00 per month for child support. Appellant says the awards are beyond his financial capacity and over satisfy the reasonable needs of respondent. The claims must be considered in the light of the evidence which bore on the subject.

According to appellant's exhibits, which were admitted without objection, appellant's income from his veterinary practice for the year 1985, after deduction of business expenses, amounted to $14,986.37. He also had rental income of $1,531.27. The figures for the previous three years were generally the same ranging from a low of $12,322.98 to a high of $16,536.00. Respondent contended that appellant had a large cash business, presumably not recorded and not included in the quoted figures. Respondent mentioned no amounts relative to this unrecorded income and supplied no substantiation for the generalized claim. The parties had no other property of income producing potential. Respondent testified that her expenses and those of the children totaled $2,131.45 per month of which $711.00 per month was for maintenance of an automobile and payments on an automobile loan. Housing was supplied at $183.26 per month, being the mortgage payment on the marital residence.

In *Stoerkel v. Stoerkel,* 711 S.W.2d 594, 596 (Mo.App.1986), this court noted that the trial court is vested with substantial discretion in awarding maintenance, but the award must be made within a reasonable tolerance of the proof. Here, with evidence that in 1985, appellant had an average monthly income of $1,375 00 before income taxes, the court ordered payment of $300.00 per month in child support and $1,000.00 per month permanent maintenance. The amounts were beyond the ability of appellant to pay based on the evi-

dence before the court. Respondent argues that a practicing veterinarian should have an earning capacity much above the quoted figures and that appellant could meet the payment schedule by applying himself to his work. Whatever general merit may lie in such a proposition, it is outside the scope of the evidence and is sheer speculation. The award of maintenance was not within reasonable tolerance of the proof.

■ In the usual case where it is determined on appellate review that a support award is excessive, this court would direct entry of a judgment in an appropriate amount. Such may not be done in this case, however, because a determination of the amount payable as maintenance, if any, is interrelated with the division of property. For example, the automobile expenses noted above include a monthly payment of $455.00 for which respondent will be obligated only if she claims and is awarded the car in the division of marital assets. The cost of housing for respondent and the children likewise depends on what disposition is made of the marital residence and whether rent must be calculated. This correlation between the issues of property disposition and maintenance requires remand of the case to the trial court for a redetermination of a maintenance award consistent with economic considerations flowing from the property dispositions.

In the final point, appellant claims the court erred in ordering the sale of various items of personal property which were his separate property, agreed to be such by respondent, and properly set off to him. It is not certain from this record, which does not itemize the property to be sold by the sheriff, whether the trial court ruled appellant's claim of separate property. Under the disposition made here, reversing the order for sale, the items about which appellant makes complaint will not be sold but must either be declared to be non-marital property and set over to appellant, or marital property and divided. On this and other issues associated with the division of property and award of maintenance, the trial court must render its judgment according

 

to the evidence and consistent with this opinion.

The judgment ordering the marriage of the parties dissolved, awarding custody of the two children to respondent and ordering appellant to pay $300.00 per month child support is affirmed. In all other respects, the judgment is reversed and the case is remanded to the trial court for further proceedings.

All concur.