Mary L. FARMER, Petitioner–
Respondent,

v.

Albert G. FARMER, Respondent–
Appellant.

No. 17472.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 1992.

---

**912**

Susan Appelquist, Springfield, for respondent-appellant.

No appearance for petitioner-respondent.

MONTGOMERY, Judge.

This appeal results from a decree dissolving the parties' marriage. Appellant presents two points for our review. He contends the trial court erred in the division of marital property because it was not divided in just proportions. He next complains that the trial court abused its discretion in ordering sale of ten acres owned by the parties. Respondent filed no brief.

In our view Appellant's point regarding the sale of ten acres is well taken. For that reason the division of marital property must necessarily be adjusted so it is not necessary to discuss any error of the trial court's division of marital property.

As a court-tried case, we review in the manner prescribed by Rule 73.01(c) as that rule has been interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The parties acquired a house and five acres in 1972 for $9,500. They purchased an adjoining five acres for $3,000 in 1974, thus acquiring ten acres which the trial court ordered sold. Respondent testified the ten acres was worth $45,000 while Appellant stated the value as $27,500. Re-

spondent's appraiser valued the property at $33,500.

The trial court found that the ten acres could not be divided in kind and a sale would be in the best interest of the parties, citing *Swinford v. Swinford*, 682 S.W.2d 189 (Mo.App.1984). We do not agree that the required conditions for sale in *Swinford* are present in this case. That court held:

> Generally, however, it may be said that there are at least two conditions required to be established before the court may order a sale: (1) a finding that the property cannot be divided in kind; and (2) a finding that a sale would be in the best interest of one or both of the parties. Such findings would need a sufficient evidentiary foundation.

*Id.* at 191.

We find an insufficient evidentiary foundation to support a finding that the ten acres cannot be divided in kind. In fact, no evidence is found in the record from either party that the ten acres cannot be divided in kind. The evidence does reflect that the five-acre tracts were acquired separately so at one point in time each tract had been under separate ownership. However, we do not know from the record where roads are located in relation to each tract nor how the tracts might be fenced. Where sewer and water lines or wells are located is not revealed. Further evidence may be necessary with these factors in mind before a division in kind would be appropriate.

The gist of the testimony regarding disposition of the ten acres was that Respondent desired to sell the ten acres and divide the proceeds. Appellant opposed the sale and wanted the ten acres set aside to him. The valuations offered by both sides relate to the ten acres as a whole even though the five acres purchased in 1974 appears to be an unimproved tract. We find nothing in the record which would prohibit separate ownership of each five-acre tract in the future.

In short, an evidentiary foundation is lacking to support a forced sale of the ten acres. "An order for sale is not appropriately used as a tool to force an agreement

between contesting spouses or as a means for the court to avoid a particularized division of marital property." *Parker v. Parker,* 744 S.W.2d 469, 471 (Mo.App.1987). "Only as a final alternative should a sale be ordered when no other possibility can be devised." *Id.* at 472.

The decree provided that the sale proceeds be distributed, after costs of sale, first to payment of a note secured by a deed of trust to United Savings & Loan Association. Apparently, $7,500 is owed on the entire ten-acre tract. We are mindful that a division in kind of property encumbered by one deed of trust must be done with caution. One possibility could be an award to one party of the unimproved five-acre tract. The house on the remaining five acres could be awarded to the other party conditioned upon that party assuming the entire debt. It would also be possible to order each party to assume a proportionate share of the debt upon a division in kind. Alternatively, payments from one to the other, taking into consideration the existing debt, could be required if the entire ten acres was awarded to one party. *See In re Marriage of Wilson,* 727 S.W.2d 226, 228 (Mo.App.1987).

Our suggestions should not be taken to mean that the trial court can or should divide the property in kind. On remand, the evidence may well indicate otherwise. Our holding only indicates the record before us is insufficient to support an order of sale under the holding of *Swinford, supra.*

The judgment is affirmed except as to (1) the division of marital property and (2) the order of sale of the ten-acre tract, and only those portions of the decree are reversed. The matter is remanded for further consideration by the trial court and, if deemed necessary by the trial judge, the taking of additional evidence on those two issues.

FLANIGAN, C.J., and SHRUM, P.J., concur.