**Danny L. HUMMER, Petitioner–
Respondent,**

v.

**Vickie HUMMER, Respondent–Appellant.**

No. 19074.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 1994.

Debra A. Carnahan, Carnahan & Carnahan, Rolla, for appellant.

Darrell Deputy, Jr., Lebanon, for respondent.

FLANIGAN, Judge.

This action for dissolution of marriage was instituted in 1991 by Danny Hummer against his wife Vickie Hummer. The parties were married on May 31, 1985, and separated on September 5, 1991. No children were born of the marriage.

The case was tried on April 6, 1993, and judgment was entered on August 12, 1993. Neither party sought an award of maintenance, and none was granted. In addition to dissolving the marriage, the judgment (a) valued Danny's retirement benefit at $10,650, classified $4,260 of it as marital property, and ordered that Vickie "be paid" [by Danny?] $2,130 as her marital share of the retirement benefit; (b) classified "the cattle" as marital property, valued the cattle at $3,275 and awarded them to Danny, and ordered Danny to pay Vickie $1,638 as her share; (c) ordered Vickie to pay Danny $1,214 to reimburse him for payments he made to preserve marital property; (d) with certain exceptions, classified property listed on Exhibit A, Exhibit B, and Exhibit C (including the farm home) as marital property, and ordered it to be sold at public sale with the proceeds to be divided equally· between Vickie and Danny; (e) ordered Vickie to pay Danny $1,502 to reimburse him for payments he made for expenses incurred by Vickie; and (f) ordered that both parties remain liable for marital debts. Vickie appeals and challenges provisions (b), (c), and (d).

■ This court reviews this nonjury case on both the law and the evidence as in suits of an equitable nature and gives due regard to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(c).[1] The judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it or it is against the weight of the evidence or it erroneously declares or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

■ Vickie's first point is that the trial court erred in finding the fair market value of the cattle to be $3,275, in that there was no substantial evidence to support that finding and it was contrary to the testimony of both Vickie and Danny.

The only witnesses were Danny and Vickie. Danny testified that the cattle herd consisted of 11 head which were worth $9,000. Vickie testified that the herd consisted of 15 head which were worth $19,500. The trial court found that the cattle were marital property, and neither side disputes that finding. There was no evidence to support the trial court's valuation of the cattle at $3,275, regardless of the size of the herd. Vickie's first point is valid.

■ Vickie's second point is that the trial court erred in classifying all of the property on Exhibit B as marital property and in ordering that property, with two exceptions,[2] to be sold at public sale and the proceeds divided equally between the parties, "in that the uncontroverted evidence was that this property was the separate property of Vickie."

"In a proceeding for dissolution of the marriage ... the court shall set apart to each spouse his nonmarital property...." § 452.330.1. Danny testified, "I agree that all the items [on Exhibit B] are nonmarital and belong to Vickie, except for the gun cabinet which was a gift from Vickie to me." Vickie testified that, except for the gun cabinet, the items on Exhibit B were her separate property. As Danny's brief commendably concedes, Vickie's second point is valid.

Vickie's third point is that the trial court erred in ordering Vickie to reimburse Danny for one-half of expenses incurred by Danny in taking care of the cattle between the date

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

2. The excepted items were a gun cabinet, which was awarded to Danny, and "personal belongings and mementos," which were awarded to Vickie. Neither side questions those awards.

of separation and the date of trial. Vickie argues that marital funds, primarily from the sale of cattle, were used to pay the expenses. There was evidence to support that argument. Danny argues that the bills which were the subject of the order of reimbursement were incurred in connection with only five head of cattle and not for the cattle which were sold. There was evidence to support that argument. In view of the errors discussed under Vickie's first and second points, and conflicting evidence on this and other matters, this court determines it should not attempt to modify the judgment but should reverse it and remand for a new trial. This determination makes it unnecessary to consider other points raised by Vickie.

In the event of retrial, the trial court should keep in mind certain principles which it overlooked in entering the instant judgment. The judgment contained orders for Vickie to pay Danny certain sums of money and for Danny to pay Vickie certain sums. This court expresses no opinion on the propriety of those awards. In the event the court should determine on retrial that such counteracting awards are proper, they should be offset and "only one final judgment for the balance owed the party with the larger judgment" should be entered. *Mills v. First Nat'l Bank of Mexico*, 697 S.W.2d 264, 266[2] (Mo.App.1985); *Handley–Adams, Inc. v. Uzzell*, 621 S.W.2d 532, 533 (Mo.App.1981). Although those cases are not dissolution cases, the same principle would apply here.

Generally, before a trial court in a dissolution action orders a sale of marital property, it must find that the property cannot be divided in kind and that the sale would be in the best interest of one or both of the parties. Further, such findings must be supported by the evidence. *Breda v. Breda*, 788 S.W.2d 769, 771[3] (Mo.App.1990); *Parker v. Parker*, 744 S.W.2d 469, 471[4] (Mo.App.1987); *In re Marriage of Wilson*, 727 S.W.2d 226, 227[1] (Mo.App.1987); *Swinford v. Swinford*, 682 S.W.2d 189, 191[3] (Mo. App.1984).

In *Parker*, citing *Swinford*, the court said, at 471:

"[A] trial court has no jurisdiction to order property sold in a marriage dissolution case until the court first divides the property and vests ownership in one party or the other, or in the parties in definite proportions. The rule implements the directive of the statute which requires the court to make a division of property exercising its judgment to determine from the evidence what division will be just. Only after the court has made that proportional allocation may the necessity for a sale be considered.... An order for sale is not appropriately used as a tool to force an agreement between contesting spouses or as a means for the court to avoid a particularized division of marital property."

The court, in *Parker*, also pointed out, at 471, that, generally, marital personal property, such as motor vehicles, appliances and household goods, should be divided in kind because a public sale would not be in the best interests of either party.

"Although courts can order marital property sold and the equity therein divided, caution should be exercised in forcing liquidation of income-producing property." *Wilson*, at 227[2]. With respect to real estate, the court in *Wilson* said, at 228: "If necessary, an amount in cash, perhaps by periodic payments, could be awarded to one of the parties in lieu of a portion of the real estate, if it cannot be divided and is awarded to the other party intact."

The portions of the judgment which dissolved the marriage of Danny L. Hummer and Vickie Hummer and denied maintenance to either party are affirmed; in all other respects the judgment is reversed and the cause remanded for new trial.

SHRUM, C.J., and MONTGOMERY, J., concurs.