Danny L. GRIFFITH, Petitioner–
Respondent,

v.

Linda S. GRIFFITH, Respondent–
Appellant.

No. 66573.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 3, 1995.

John J. Allan, Clayton, for Appellant.

Bradley H. Lockenvitz, Linn, for Respondent.

KAROHL, Judge.

The court dissolved a twenty-two year marriage between Danny L. and Linda S. Griffith. Wife filed an answer and a counterclaim for dissolution. The parties were married in 1972. They separated in 1992 and the court granted the dissolution in April of 1994. Wife appeals. She argues the trial court erred in awarding husband a disproportionate interest in a cattle herd owned by the parties as marital property and a failure to award wife a marital interest in husband's pension benefits.

The decree of dissolution prepared by the court after a contested trial on all issues contains three separate and distinct provisions for the award and distribution of marital property. First, the court valued a cattle herd at $22,453.50 and awarded it to husband after he paid wife $5,000 for her interest.

Second, the court then expressly distributed the remainder of marital property. Husband was awarded eleven specific items separately valued and having a total value of $175,350. Wife received 7 items separately valued and having a total value of $117,270. In order to equalize the distribution of assets, the court ordered husband to pay to wife the sum of $29,040, in addition to the

$5,000 previously set forth to compensate wife for her interest in the cattle; the total equalling $34,040. The court amended these provisions ordering wife to pay a $5,000 debt. This modification was also made to equalize distribution.

Third, after defining and distributing the separate property, the court considered pension benefits earned by husband and wife. At the time of the hearing, husband was fifty-five years old and a retired Chrysler employee drawing $1,380.77 per month as disability, retirement benefits. He worked for Chrysler Corporation for 26 years before he was disabled. Wife was forty-two years of age and had sporadically worked since 1987 at a nuclear power plant. She held a pension through the Laborers' Union. The court ordered no division of benefits and awarded each party to retain their pension plans.

■ In her first claim, wife contends the trial court erred in awarding a disproportionate interest in the cattle herd. We will sustain the provisions of a dissolution decree unless unsupported by evidence, against the weight of the evidence or where it erroneously declares or applies the law. *Hummer v. Hummer*, 884 S.W.2d 719, 720 (Mo.App. 1994). The trial court is not required under § 452.330 RSMo 1994 to make an equal division, but only an equitable one. *Hamilton v. Hamilton*, 886 S.W.2d 711, 717 (Mo.App. 1994). We will not interfere with the division of marital property unless the division is so unduly weighed to amount to an abuse of discretion by the trial court. *In re Marriage of Smith*, 892 S.W.2d 767, 769 (Mo.App.1995).

■ The court valued the cattle herd at $22,453.50 and awarded it to husband after he paid wife $5,000 for her interest. The court found husband bore the burden of caring for the herd during the separation period. The court expressed an intent to divide the marital property equally. The itemized awards of marital property were made after valuing each item and equalizing the awards by a cash judgment, which made the total judgment for each party exactly equal in value. The unequal division of the cattle herd is supported by the findings. We find

no violation of § 452.330 RSMo 1994 and that portion of the decree is affirmed.

■ In her second claim, wife argues the court erred in failing to grant her a portion of husband's pension. Husband contends the division of marital property should be affirmed because the court applied all the statutory factors and the division is not so unduly weighted as to amount to an abuse of discretion.

The court disposed of the pension division in a single sentence: "The parties are awarded their respective rights in their pension plans and no division of those benefits is ordered." There was no evidence wife had a vested pension and no evidence of the value of his pension. She denied she had worked long enough to earn a pension. It is obvious his present receipt of his pension benefits has a substantial value—he receives $16,570 per year.

A remand of this case is required for two reasons. First, the court's statement in the decree at the conclusion of the disposition of items of marital property is as follows: "In order to equalize the distribution of assets, Husband is ordered to pay Wife the sum of $29,040.00, which sum when added to the $5,000 amount previously set forth to compensate Wife for her interest in the cattle totals $34,040.00, said total to be a judgment in favor of Wife and against Husband. . . ." In the division of over 20 items of marital property, the court made a specific distribution, stating values, and then made a cash award to make equal distribution. Second, wife has no pension to receive. She testified her pension had not vested because she did not have enough hours at her employment. In the same sentence which awarded husband's pension to him the court awarded "her pension" to her. Confusion exists as to whether the court intended an equal distribution of marital assets except for the reasoned inequality in dividing the value of the cattle. While the evidence does not require an equal distribution, the court erred if that was its intention.

Accordingly, we affirm the decree, as amended, in all respects except the determination of the division and the award of marital interests in pensions. We find the provi-

sions for division of a pension to wife unsupported by the evidence. We remand only for reconsideration of the division of marital property interest in husband's pension. We do not intend any limitation on the trial court's discretion to determine the issue de novo in accord with § 452.330 RSMo 1994. Husband's request we dismiss wife's appeal is denied. Costs are to be charged one-half to each party.

REINHARD, P.J., and WHITE, J., concur.