**Floyd H. GALLOWAY, Respondent,**

v.

**Karen L. GALLOWAY, Appellant.**

**No. ED 82435.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 9, 2003.

---

Gregory Allsberry, Troy, MO, for appellant.

Thomas Burkemper, Troy, MO, for respondent.

## OPINION

GLENN A. NORTON, Judge.

Karen Galloway ("Wife") appeals the judgment dissolving her marriage to Floyd Galloway ("Husband"). We affirm in part and reverse and remand in part.

### I. BACKGROUND

A bench trial on Husband's petition to dissolve the parties' marriage was held on December 10, 2001. On December 20, 2002, the trial court awarded most of the marital property directly to the parties. But as to the marital home, the 40–acre tract on which the home is located, and a separate 20–acre tract, the court ordered the parties to agree on a private sale or a selling price and listing realtor. If no contract for sale was obtained within six months from the date of the order, then, on the motion of either party, the trial court would name a commissioner to sell the properties.[1]

### II. DISCUSSION

■ The judgment of the trial court in a dissolution action will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's credibility determinations, and the evidence and permissible inferences therefrom are viewed in the light most favorable to the decree while contrary evidence and inferences are disregarded. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991).

### A. Forced Sale of Property

■ Wife claims that the trial court erred by ordering the sale of marital property because there is no evidence that the property could not be divided in kind. We agree.

■ A trial court is given considerable discretion in dividing marital property, and it is within the court's power to order the sale of marital property. *Baldwin v. Baldwin*, 905 S.W.2d 521, 523 (Mo.App. E.D.1995). But a sale should be ordered only as a final alternative when no other possibility can be devised. *Farmer v. Farmer*, 821 S.W.2d 911, 913 (Mo.App. S.D.1992). Before a court orders a sale, there must be a sufficient evidentiary foundation: (1) that the property cannot be divided in kind, and (2) that a sale would be in the best interest of one or both of the parties. *Hileman v. Hileman*, 909 S.W.2d 675, 681 (Mo.App. E.D.1995). Here, there is not a sufficient evidentiary foundation in the record that the properties could not be divided in kind.

■ While generally a marital residence is not divisible in kind and division of marital real estate is problematic, if it is possible to award one spouse the real estate in its entirety and offset that award by giving the other spouse different mari-

---

1. Husband contends that this is not a "forced sale" because the order allows for the parties to come to an agreement on a private sale, and only if that is not possible would a commissioner be appointed to sell the properties. Husband's argument is without merit. In *Hileman v. Hileman*, this Court treated the trial court's order that the wife refinance the marital home in her name only, and if that was not possible, then to sell the home as a forced sale. 909 S.W.2d 675, 681 (Mo.App. E.D. 1995). Also, in *In re Marriage of Usrey*, the trial court's order that the parties list their property with a real estate broker and, if not sold by the broker within a year, the property would then be auctioned off by the sheriff was treated as a forced sale. 781 S.W.2d 556, 560–61 (Mo.App. S.D.1989). It is the fact that the property must be sold that makes it a "forced sale," not the manner in which the order directs the sale.

tal property of approximately equal value, then the real estate need not be sold. *Chambers v. Chambers,* 910 S.W.2d 780, 785 (Mo.App. E.D.1995); *Hileman,* 909 S.W.2d at 681. Here, not including the properties that were ordered sold, the parties have over $700,000 in marital assets. At trial, the 20–acre tract was appraised at $4,500 per acre. Nothing in the record shows why this tract of land could not have been awarded to one party and an offset of commensurate value awarded to the other party. The record does not disclose the approximate value of the marital residence or 40 acres on which it is located. Thus, we cannot determine whether the other marital assets were sufficient to offset an award of the residence and 40 acres to one spouse. Further evidence on this point is needed before a court can order the sale of this property. *See Chambers,* 910 S.W.2d at 785.

Furthermore, there was no evidence in the record that the marital home and 40 acres could not be divided between the parties. The record does not disclose where the house was situated on the land or where fences, sewers, or water lines were located. *See Farmer,* 821 S.W.2d at 912. Again, further evidence of this kind may be necessary before the court can determine that a division is not feasible and a forced sale is necessary. Depending on what evidence is presented on remand, it is not inconceivable that one party could be awarded the home and a portion of the property, while the other party is awarded the rest of the property. *See, e.g., In re Marriage of Wilson,* 727 S.W.2d 226, 228 (Mo.App. S.D.1987).

In addition to using other marital property to offset an award, where a court determines that a division in kind is impossible or imprudent, a cash award may be used to effectuate a just division of the marital property without forcing a sale.

*Chambers,* 910 S.W.2d at 785. Here, Husband earns $40,000 a year and Wife earns between $60,000 and $66,000 a year. Thus, awarding one party the real estate and the other a cash award, even if in the form of periodic payments, may be possible. *See In re Marriage of Wilson,* 727 S.W.2d at 228; *contra Hileman,* 909 S.W.2d at 682 (not error to order sale of marital home when one party's minimal income precluded award of home to that party and a cash allowance to the other party).

We are not suggesting that these properties can or should be divided in kind, as the evidence on remand may indicate otherwise. We only hold that the record before us lacks an evidentiary foundation that the properties could *not* be divided in kind and that further evidence is needed to determine if the properties could be so divided.

Point granted.

## B. Valuation of Property

In her other point on appeal, Wife claims that the trial court erred by entering judgment one year and ten days after the trial without first holding another hearing as to whether the parties' property valuations had changed. We disagree.

Generally, the appropriate date for valuing marital property in a dissolution proceeding is the date of trial. *Wright v. Wright,* 1 S.W.3d 52, 57 (Mo. App. W.D.1999). Section 452.330.1(1) RSMo 2000, however, requires a trial court to consider the economic circumstances of the parties at the time the division of property is to become effective. "These two concepts are not inconsistent.'" *Morgan v. Ackerman,* 964 S.W.2d 865, 868 (Mo.App. E.D.1998) (quoting *In re Marriage of Gustin,* 861 S.W.2d 639, 644 (Mo. App. W.D.1993)). The *Gustin* court ex-

plained that "valuation of property should be reasonably proximate to the date the division is to be effective." 861 S.W.2d at 644. If the date of trial is not reasonably proximate to the date of the actual distribution, then the trial court should hold another hearing to establish a valuation as close to the effective date of the division as possible. *Id.* A court's refusal to reevaluate the value of the parties' property, however, will not be cause for reversal unless the appellant shows that he was prejudiced by the refusal. *L.J.B. v. L.W.B.,* 921 S.W.2d 23, 27 (Mo.App. E.D.1996); *see also Poole v. Poole,* 977 S.W.2d 940, 944 (Mo.App. S.D.1998). As this Court recently explained, prejudice need not be alleged if the nature of the property clearly indicates that its value may be volatile. *McCallum v. McCallum,* No. ED82132, —— S.W.3d ——, 2003 WL 22770061 (Mo.App. E.D. November 25, 2003).

Here, unlike in *Gustin* where the value of one party's property increased by over $2,000,000 during the time between the trial court's valuation and the judgment, there has not been any claim that the parties' property has changed in value. 861 S.W.2d at 643. Wife's argument that she was prejudiced by the trial court's reliance on "stale" property values is without merit. Wife has not specified any property that has changed drastically in value between the date of trial and the entry of the judgment, nor has she claimed that either her or Husband's financial situation has changed substantially during that time period. *See L.J.B.,* 921 S.W.2d at 27. Nor does the nature of the property clearly indicate that its value may be volatile.

It was not error for the trial court to enter judgment one year and ten days after trial. Nothing contained in this opinion precludes the trial court from reconsidering valuation evidence in its discretion. Point denied.

### III. CONCLUSION

The judgment is affirmed except as to the division of marital property and the order that certain real estate be sold, and those portions of the judgment are reversed. The case is remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, C.J. and WILLIAM H. CRANDALL, JR., J. concurring.